## HART *v*. THE STATE.

CRIMINAL LAW.—*Juror.*—*Competency.*—*Opinion.*—*Challenge.*—In criminal causes in this State, it is the general rule, in relation to a challenge of a juror by the defendant for cause, that an opinion formed by the juror as to the guilt or innocence of the accused, based solely upon a newspaper account of the alleged crime, and which, in the belief of the juror, will not have any influence upon him in the trial of the cause, is not sufficient ground for challenge.

SAME.—*Larceny.*—*Instruction to Jury.*—On the trial of a defendant charged

Hart *v.* The State.

with larceny, the court instructed the jury, that, if the defendant snatched
the property, alleged to have been stolen, from the hand of the owner, and
retained it without the consent of the latter, this constituted larceny.

*Held,* that the instruction is erroneous.

*Held,* also, that, to constitute larceny, the taking must be with a felonious
intent, existing at the time.

From the Clinton Circuit Court.

*J. C. Suit* and *J. U. Gorman,* for appellant.

*C. A. Buskirk,* Attorney General, and *H C. Wills,* Prosecuting Attorney, for the State.

PERKINS, C. J.—Indictment of appellant for grand larceny. Conviction; new trial denied; sentence, and appeal.

The reasons assigned by appellant in his motion for a new trial were as follows :

1. Error of law in the court below, occurring at the trial, in overruling defendant's challenge for cause to John Hamilton, who was called as a juror, to which proper exceptions were taken;

2. Error of law in the court below, in giving to the jury trying the cause, of its own motion, the instructions numbered respectively, five, six, seven, eight, ten, eleven and twelve, to the giving of each of which the defendant saved the proper exception;

3. Error of the court below, in refusing to give to the jury trying the cause, on the motion of defendant, the instructions as asked, numbered respectively, four, five, six, nine and eleven, to the refusing of each of which a proper exception was saved;

4. Error of law and misconduct of the State's attorney, occurring at the trial, in the use of improper language in his closing argument, to which proper objections and exceptions were made; ·

5. Because the verdict of the jury was not sustained by sufficient evidence ;

6. Because the verdict of the jury is contrary to the evidence given in the cause ;

7. Because the verdict of the jury is not supported by the evidence given in the cause; and,

8. Because the verdict of the jury is contrary to law.

The only error assigned in this court is the overruling of the motion for a new trial.

The first point argued by appellant's counsel is, as to the competency of John Hamilton as a juror.

The bill of exceptions recites, that, after this juror had been duly sworn to answer such questions as should be asked touching his competency to sit as a juror, in answer to such questions he stated, "that about the time at which the transaction occurred, on which the charge contained in the indictment was founded, he read an article in the Frankfort Crescent, a newspaper, which article purported to give a statement of the facts upon which the charge in the indictment was based; that, at the time he read said article, he formed an opinion concerning the guilt or innocence of the defendant, based upon the statement of facts contained in said article; and, in answer to further questions, then and there propounded by the defendant's attorney, further stated, that he still held the same opinion he had so previously formed as aforesaid." At this point in the examination, the defendant challenged and objected to the juror as incompetent, because of the opinion previously formed and still held; but the court overruled his challenge and objection, and the defendant excepted. The court then ordered the defendant's attorney to put to the juror the further question, " Is your mind as free and unbiased to act in the trial of this cause as if you had never read said article or heard of this cause before ? " to which Hamilton answered, " I think it is." The defendant renewed his challenge for cause, which was again overruled, and the proper exception taken.

It has become the settled rule in this State, that an opinion as to the guilt or innocence of the defendant,

founded upon newspaper accounts alone, and which, in the belief of said person, would not have any influence upon him in the trial of the cause, does not disqualify him to sit as a juror, upon the trial of such defendant. The cases are collected in *Scranton* v. *Stewart*, 52 Ind. 68. We are not inclined to change the rule.

Appellant's counsel next proceed to criticise the instructions of the court to the jury. The larceny charged in the indictment was the felonious taking of two bank-bills, of the denomination of twenty dollars each.

The court instructed the jury, that, " If the prosecuting witness had his pocket-book in his hand, and the bills in question in the book, or in his hand, and the defendant snatched such bills from the witness, and retained them without the consent of the prosecuting witness, this was larceny."

This instruction was erroneous.

The snatching of bills from a person having them in possession, and retaining them without the consent of such person, do not necessarily constitute larceny. To constitute this offence, the taking must be felonious, and the felonious intent must exist at the time of the taking. *Keely* v. *The State*, 14 Ind. 36; 2 Archb. Crim. Pr. & Pl., 8th ed., p. 1184.

Whether the taking was felonious or not, depended upon the intent, the purpose, in taking the property; and that intent was to be determined by the jury upon all the facts and circumstances of the case.

On the same page of the volume of Archbold cited, it is said: " In all cases of larceny, the questions—Whether the defendant took the goods. knowingly or by mistake; whether he took them *bona fide*, under a claim of right, or otherwise; and whether he took them with an intent to return them to the owner, or to deprive the owner of them altogether, and to appropriate or convert them to his own use—are questions entirely for the consideration of the jury, to be determined by them upon a view of the particular facts of the case."

The error in giving the above instruction was not corrected. See *Kingen* v. *The State*, 45 Ind. 518.

As to larceny being included in robbery, see 2 R. S. 1876, p. 432, notes.

It is not necessary that we notice any other point made in the case.

The judgment is reversed; the prisoner to be returned to the county jail of Clinton for another trial.