Bird *v.* The State.

Judgment reversed.

Filed June 19, 1886.

————————◆————————

No. 13,088.

## BIRD *v.* THE STATE.

CRIMINAL LAW.—*Instruction.*—*Stating Elements of Offence.*—When it is undertaken to state in an instruction all of the elements of the offence necessary to a conviction, the instruction is bad if an essential element is omitted; but where an instruction, partially stating the necessary facts, does not charge that they alone, without reference to other facts and other instructions, will justify a conviction, it is not erroneous.

SAME.—*Duty of Jury to Consider Instructions.*—It is not error to instruct the jury that if they have no well defined opinions or convictions as to what the law is relating to any matter at issue, they should give the instructions of the court a respectful consideration.

SAME.—*Defendant's Testimony.*—*Credibility and Weight.*—Where the defendant testifies in his own behalf, an instruction that in weighing his testimony the jury should not overlook the fact that he is the defendant, and deeply interested in the result of the prosecution, and that his testimony must be consistent with all the other facts and circumstances in evidence, to have a controlling weight, is erroneous.

From the Montgomery Circuit Court.

*W. H. Thompson, W. B. Herod* and *J. West,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was convicted upon a charge of

grand larceny. He has appealed and brought up the case upon the instructions without the evidence.

Instruction 3½ was as follows: "To convict the defendant the State must prove that the property, or some part thereof, described in the indictment, was taken by the defendant; that at the time it was taken it was the property of William McIvor; that it was taken in Montgomery county, Indiana, and within two years next preceding the finding of the indictment, which was October 9th, 1885."

It is contended that by this instruction the court assumed to give to the jury all of the facts necessary to be found in order to justify a conviction, and that it is defective in that there was an omission to state that the taking must have been felonious, and that the property taken must have been of some value.

When it is undertaken to state in an instruction all of the elements of the offence necessary to a conviction, and an essential element is omitted, the instruction will be fatally defective. *Hart* v. *State*, 57 Ind. 102; *Hunter* v. *State*, 101 Ind. 241.

We do not think, however, that the instruction is fairly open to the objections urged against it. It was stated in the instruction, that to convict the defendant the State must prove certain things, but it was not stated that the proof of those facts would alone justify a conviction, without reference to other facts and other instructions by the court. In the third charge, the jury were properly instructed that the taking must have been felonious, and as to the necessary value of the property taken to constitute grand larceny.

In the fourth charge, the jury were instructed that they were the judges both of the law and of the evidence; that the instructions by the court were advisory merely, and that if they differed with the court as to the law, they might follow their own convictions, and disregard the instructions of the court. The latter part of the instruction of which appellant complains was as follows: "If, however, you have no

well defined opinion or convictions as to what the law is re-
lating to any particular matter or matters at issue in the case,
then, in determining what it is, you should give the instruc-
tions of the court respectful consideration."

It is undoubtedly true, that in this State the jury may dis-
regard the instructions of the court in a criminal case, and
follow their own convictions, but it must be true, also, that
the jury should give to the instructions of the court a respect-
ful consideration in all cases, and especially if they are in
doubt as to what the law in the case may be. It is made the
duty of the court to instruct the jury. It would seem to fol-
low that the jury should at the least give to the instructions
a respectful consideration. *Keiser* v. *State*, 83 Ind. 234 ;
*Lynch* v. *State*, 9 Ind. 541 ; *Powers* v. *State*, 87 Ind. 144 ;
*Nuzum* v. *State*, 88 Ind. 599 ; *Long* v. *State*, 95 Ind. 481.

The sixth instruction was as follows : " The defendant has
testified in his own behalf. In weighing his testimony the
fact that he is the defendant, and, therefore, deeply interested
in the result of the prosecution, should not be overlooked, but
it does not follow that because of his interest you should dis-
regard his testimony or refuse to give him credit. Innocent
men are sometimes charged with the commission of grave
offences. If the defendant's testimony, when compared with
all the other facts and circumstances in evidence, is consistent
and harmonious, it may have a controlling weight in deciding
the case, but the weight it shall have is a matter left wholly
to your consideration and judgment."

This instruction can not be sustained. Very clearly it
discredits the testimony of appellant. It is equivalent to
telling the jury that it was their duty to keep in mind the
fact that appellant was the defendant, and that his testimony,
for that reason, could not be taken as of controlling weight,
unless consistent with all the facts and circumstances in evi-
dence. The other facts and circumstances, doubtless, were
inconsistent with his testimony. Otherwise, his testimony
would not have been material to him ; and otherwise, doubt-

less, he would not have been convicted. His testimony, without doubt, was intended to explain, or to meet and overthrow, the adverse facts and circumstances in evidence, and if it could be of controlling weight in the decision of the case only in the event that it was consistent with those facts and circumstances, it could be of no avail to him in the way of a defence. The statute makes the evidence of the accused competent in his own behalf, and when he goes upon the witness stand, he has a right to put his evidence before the jury unprejudiced by any adverse criticism by the court. He has a right to ask that his testimony, alone and unsupported, shall be taken as of controlling weight in the case if the jury think proper, whether it is consistent or inconsistent with all the other facts and circumstances in evidence. It is true, the jury were also instructed that they were the judges of the credibility of the witnesses, including appellant, but, as to him, that must be limited by the portions of the sixth instruction above commented upon. From them, the jury would understand, that while they might judge of his credibility, it was under the injunction to keep in mind that he was the defendant and "deeply interested in the result of the prosecution," and that his evidence could not be of controlling weight in the decision of the case, unless consistent with the facts and circumstances in evidence against him. That appellant was an interested party is a fact that the jury might consider in weighing his testimony, and it would have been proper to instruct them that they might exercise that right, but it was not proper to so instruct them as to impose a consideration of his interest as a duty, and thereby cast discredit upon his testimony in advance, and to destroy the controlling effect of his testimony in advance, unless it should be consistent with the testimony against him.

Without further elaboration, we cite the cases: *Hartford* v. *State,* 96 Ind. 461 (49 Am. R. 185); *Nelson* v. *Vorce,* 55 Ind. 455; *Woollen* v. *Whitacre,* 91 Ind. 502; *Pratt* v. *State,*

56 Ind. 179; *Veatch* v. *State,* 56 Ind. 584 (26 Am. R. 44);
*Unruh* v. *State, ex rel.,* 105 Ind. 117, and cases there cited.

Objections are urged to other instructions, but it is not necessary that they shall be here noticed.

The judgment is reversed, with instructions to the court below to sustain appellant's motion for a new trial.

The warden of the State prison in which appellant is confined will cause him to be delivered into the custody of the jailor of the proper county, to abide the orders of the court below.

Filed June 22, 1886.