MOORE *v.* STATE OF INDIANA.

[No. 28,437.   Filed October 27, 1948.]

*Elmer Q. Lockyear, Theodore Lockyear, James D. Lopp,* all of Evansville, attorneys for appellant.

*Cleon H. Foust,* Attorney General, *Frank E. Coughlin, Merl M. Wall,* Deputy Attorney General, attorneys for appellee.

STARR, J.—The appellant was charged with the crime of voluntary manslaughter. A trial was had before a jury which resulted in a verdict of guilty on which verdict judgment was rendered and appellant was sentenced to imprisonment in the Indiana Reformatory for not less than two or more than twenty-one

years. From this verdict and judgment, this appeal is taken.

The assignment of error is the overruling of appellant's motion for a new trial. Appellant, in this motion, assigns as one reason therefor, the giving by the court of its own motion, instruction No. 8, which reads as follows:

"Voluntary manslaughter is an unlawful taking of human life, and the rule of self-defense is a valid defense thereto. Mere words, however abusive, or an attack with bare hands, and without any weapon of any kind, will not justify the use of a dangerous and deadly weapon, unless the defendant believes and has good cause to believe that his life is in danger or that his property or property lawfully entrusted to his care is in danger of being destroyed or damaged.

"The question as to whether the defendant, in the exercise of his right of self-defense, really believed that his life was in danger, or that his property or property lawfully entrusted to his care, was in danger of being destroyed or damaged is a question for the jury to determine from all of the facts and circumstances introduced in evidence."

Appellant's objection to this instruction was in writing. One ground therefor, was that it was erroneous "in that it limits the justification of a homicide to one who believes and has good cause to believe that his life is in danger or that his property, or property lawfully entrusted to his care, is in danger of being destroyed or damaged. This instruction fails to point out to the jury that one who honestly believes or who has reasonable ground to believe that he is in danger of receiving great bodily harm from such assailant may take life in the defense of his own person. This essential element is not mentioned in this

instruction, and therefore the instruction, as written and as given to the jury, is erroneous."

The evidence in this case was such that the appellant was entiled to a correct statement of the law of self-defense.

It is our opinion that this instruction was erroneous for the reason set out in the portion of the objection above quoted. In order to justify self-defense, the defendant may not only, in good faith, fear danger of death, or destruction of property, but *great bodily harm.* This principle is so well established it would seem unnecesary to cite authority but see Ewbank, *Criminal Law* § 892 2d ed., also *Batten* v. *State* (1881), 80 Ind. 394.

Another instruction tendered by the appellant, was given by the court, which defined the right of self-defense, but this instruction in no way modified, explained or withdrew the above erroneous instruction. This court, in a case where self-defense was involved, has said: "It is true that other instructions were given on the rule of self-defense, but none of them in any way modified, explained, or withdrew the above erroneous instruction. An erroneous instruction is not corrected by giving a correct one, unless the improper one is withdrawn. Conflicting instructions confuse the jury, and it is impossible to determine which instruction they followed." *Flick* v. *State* (1935), 207 Ind. 473, 193 N. E. 603. See also *Weston* v. *State* (1906), 167 Ind. 324, 78 N. E. 1014.

If we understand the contention of the appellee it is that, considered as a whole, the instructions given, state the law as to self-defense with substantial accuracy, and therefore, the jury was not misled.

This rule can only be invoked where, considering all the instructions, the law has been stated with substantial accuracy, even though a particular instruction may not be precisely accurate. *Cooper* v. *The State* (1889), 120 Ind. 377, 22 N. E. 320. Here, however, the questioned instruction is wholly inaccurate. It is not a case of an instruction which is incomplete or obscure or not precisely accurate, but of one impressed with affirmative error. It eliminated the right of self-defense where the defendant believes, and has good cause to believe, that he is in danger of receiving great bodily harm.

In making these observations we do not wish to be understood as indicating that this instruction is free from other infirmities.

Except to state that, in our opinion, the evidence was sufficient to support the verdict, we deem it unnecessary to discuss the other objections raised by the appellant.

Judgment reversed with instructions to sustain the motion for new trial.

NOTE.—Reported in 81 N. E. 2d 669.