HOGAN *v.* STATE OF INDIANA.

[No. 29,323.   Filed March 27, 1956.]

*Thomas M. Moorhead, Jr.,* of Fort Wayne, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* and *John E. Hirschman,* Deputy Attorneys General, for appellee.

ARTERBURN, J.—The appellant, Hogan, has appealed from a conviction on a charge of possession and use of marijuana, following a trial before the court without a jury. He was sentenced for a period of not less than two nor more than five years at the Indiana State Reformatory. Claimed error is presented here as a result of the overruling of a motion for a new trial on the ground that the evidence was not sufficient to sustain the conviction. More specifically, appellant states that there was no proof of the *corpus delicti* aside from appellant's confession which he claims was obtained by police officers through fear and coercion induced by threats.

The only evidence presented at the trial to sustain the conviction was that of the police officer who obtained the alleged confession from the appellant and whose evidence related solely to the signed confession and the circumstances under which it was taken, and the evidence of another witness, Jennings, who likewise had signed a written statement or confession.

A brief resume of the evidence shows that the police officer stated that the appellant, Hogan, "came into my custody because during a probe of this marijuana case quite a number of names come about, doing police work. If you turn a stone over to find something new and that is just the way it was going." The evidence shows this officer went to the appellant's home, made an inquiry for him, and left word for him to come to the City Hall. The appellant voluntarily came there, underwent interrogation by the officers, and signed a purported confession, which the appellant claims was extorted from him under fear. This was admitted in evidence over the objection of the appellant. The other state's witness, Jennings, when placed on the stand, repudiated his confession or statement involving the

appellant and claimed immunity against testifying under the Fifth Amendment. His claim of constitutional immunity was overruled by the court and when his signed statement was presented to him, he repudiated it, and it was offered in evidence solely to impeach the witness, Jennings. Thus, it had no probative value on the guilt or innocence of the appellant, and was competent only for the purpose of impeaching the witness, Jennings. The state interrogated this witness, in part, as follows:

"Q. To refresh your recollection, Mr. Jennings, isn't it a fact that in January of this year you signed a so-called statement to the effect that you had given marijuana cigarettes to the defendant, Mr. Hogan?

"A. It was a statement made, but as far as—

"Q. Now just a minute, isn't it a fact that you signed such a statement?

MR. MOORHEAD. I want to object to that question for the reason that if he did give a *statement*, the statement is the best evidence.

THE COURT. He may answer.

"A. Oh, I think I did.

"Q. Mr. Jennings, in this instrument, which is marked for identification as State's Exhibit A, which I now hand you, didn't you make the statement that you had purchased marijuana cigarettes for and on behalf of the defendant Virgil Hogan and also give them to Virgil Hogan?

MR. MOORHEAD. I object to that question for the reason that the statement isn't in evidence, that is a self-serving declaration, that the witness is on the witness stand and can testify from his own knowledge and does not have to read from a memorandum or statement.

THE COURT. I will overrule the objection.

"A. Before that I answer that question I still would—I haven't got my reply on—I would

not like to testify in this case on the ground of the Fifth Amendment, that I might commit myself to incrimination, if that is possible?

"Q. Who else did you do that for?

"A. Well I mean—would that make much difference in this case, I mean I think that a person—

THE COURT. Answer the question, Mr. Witness.

"A. Well that was Albert Jennings.

MR. MOORHEAD. Object to the question that it isn't material in this case.

THE COURT. Overruled.

"A. Albert Jennings.

"Q. For Albert Jennings?

"A. Yes.

"Q. And how much money would you pay for each of these *marijuana* cigarettes for Albert Jennings?

MR. MOORHEAD. Object to the question for the reason that the Prosecutor has used the term 'marijuana cigarettes,' and hasn't been shown by evidence from this witness or any other witness that the products of this man's going to any place with money or taking or doing anything else is marijuana.

MR. REBER. If the Court please, I feel that it is very obvious to the court that this witness is a hostile witness and I feel that the Court knows what the State is attempting to do here, is to lay a foundation for a perjury charge against this witness; that the answers which this defendant is giving are not binding at least at this point upon the defendant. We would like to have the right to proceed with further questioning of this witness to see if we can obtain the truth.

THE COURT. Objection overruled. Proceed.

"A. It was fifty cents for one, it was according if you get one it is fifty cents.

"Q. How many times in the month of November '54 had you (O. L. Jennings) smoked marijuana cigarettes?

MR. MOORHEAD. I object to that question for the reason that it has no bearing on this case, this man is not on trial and whether or not he smoked marijuana cigarettes has no bearing on the issue.

THE COURT. Objection overruled.

"A. I never have smoked any marijuana cigarettes in the month of November, 1954." (Our italics.)

It is well established law, not only in Indiana but practically all jurisdictions where the common law prevails, that the state cannot prove the commission of a crime by the extra-judicial confession alone of a defendant. To hold otherwise runs counter to the generally accepted principles of the common law, that one may not be induced to convict himself. The crime or the *corpus delicti* must be established by some independent, additional, or corroborative evidence of probative value, aside from the confession alone. *Parker* v. *State* (1950), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580; *Messel* v. *State* (1911), 176 Ind. 214, 95 N. E. 565; Underhills' Criminal Evidence, 4th Edition, §36 pp. 42, 43; 23 C. J. S., Criminal Law §916c p. 185.

The confession or statement of the witness, Jennings, was hearsay insofar as the appellant in this case was concerned. So far as the evidence shows, it was made outside of the presence of the appellant. It has no probative value in the proof of the crime charged against the appellant. *Parker* v. *State* (1925), 196 Ind. 534, 149 N. E. 59; *Peats* v. *State* (1938), 213 Ind. 560, 12 N. E. 2d 270. With the elimination of this hearsay statement we have left only the written confession of the appellant, with no corroborative or other proof of the alleged crime. As

stated previously such confession standing alone is not sufficient proof of the *corpus delicti*.

Hence, we need not examine nor give consideration to the contention of the appellant that his confession was not voluntary but given under compulsion and fear induced by police officers. The failure to prove the *corpus delicti* is determinative of the appellant's claim of error which resulted in his conviction.

The judgment of the trial court is reversed with directions to grant a new trial.

Bobbitt, C. J., Emmert, Achor and Landis, JJ., concur.

NOTE.—Reported in 132 N. E. 2d 908.