DUNBAR *v.* STATE OF INDIANA.

[No. 30,056. Filed October 18, 1961.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Patrick D. Sullivan,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged, and after trial convicted of burglary in the second degree. The charge alleged that on the 9th day of February, 1960, he broke into an office and an automobile sales-room of one Paul Price and took, among other things, a red tool box, timing light and a Firestone tire.

The assigned error under the motion for a new trial is that the finding and decision is not sustained by sufficient evidence. Under this assignment it is

urged that the corpus delicti was not proved by independent evidence aside from the confession.

This necessitates a brief review of the testimony: At the trial, Paul Price, the owner of the building burglarized, testified that the door to his building in question had been locked the night before and that in the morning he discovered that a glass pane therein had been broken and the door opened; that upon entering the building, he discovered that a red tool box and tools which were his, a timing light and a Firestone tire were missing from his shop, which were there previously; that the total value of this property was approximately $300.

The evidence further shows that certain police officers took the stand and stated that the defendant had confessed to the burglary in question and that he had informed them where they might find the stolen property. The officers further stated that they made a search for the property at the places in question and discovered the tool box, the timing light and the tire. The discovery of this property at the places indicated by the appellant is independent evidence of some corroborative value in support of proof of the corpus delicti.

It appears to us that this evidence, independent of the confession, establishes the corpus delicti. In *Griffiths* v. *The State* (1904), 163 Ind. 555, 72 N. E. 563, 565 we stated: (at page 559)

" . . . We think that the rule concerning the *corpus delicti* is largely one of caution, and that where the corroborating circumstances so far supplement the confession as to make it clear that the crime charged was committed, a conviction should not be overthrown for the want of evidence."

Circumstantial evidence is sufficient to prove corpus delicti and to corroborate the confession to make the confession admissible. *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442.

In this case the discovery of the stolen articles in the locations given by the appellant in his confession is corroborative of the confession and admissible as a part of the corpus delicti. We so held in *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570.

Appellant relies primarily upon the case of *Gaines* v. *State* (1921), 191 Ind. 262, 132 N. E. 580. An examination of that case shows that the conviction appealed from was based entirely upon admissions made by the appellant to witnesses. The court held that there was no independent evidence of the commission of the crime other than that of the statement of the appellant. It said: (p. 269)

"We have examined the evidence thoroughly for any other evidence tending to show that burglary had been committed at the time and place as alleged in the affidavit and no such evidence appears in the record. If the 'confession' of the appellant is eliminated from the evidence there is no evidence at all tending to show that *any burglary* was committed." (Our emphasis).

In *Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647, this court in considering what was necessary to prove under the corpus delicti, stated that it was only necessary to show by independent evidence that *a crime* has been committed of the kind charged at the time and place alleged.

It need not be direct evidence and, as previously stated, circumstantial evidence is sufficient to prove

the corpus delicti. Likewise, the rule requiring proof of corpus delicti, being only one of caution to prevent a defendant from being convicted solely on his own testimony (extrajudicial admissions), such proof is only a prerequisite or condition precedent to the competency of a confession. The requirements are only that it be corroborative in order to make the confession admissible and not that the proof in that respect and at that point in the trial be beyond a reasonable doubt, since the confession, if admissible, and any other evidence may be thereafter weighed and considered for that purpose. *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442; *Griffiths* v. *The State* (1904), 163 Ind. 555, 72 N. E. 563; *Jackson* v. *State* (1958), 238 Ind. 365, 151 N. E. 2d 141; *Schuble* v. *State* (1948), 226 Ind. 229, 79 N. E. 2d 647; *Hogan* v. *State* (1956), 235 Ind. 271, 132 N. E. 2d 908.

We find the independent evidence in this case establishes the corpus delicti and corroborates the confessions or admissions of the appellant.

The judgment is affirmed.

Landis, C. J., Achor and Bobbitt, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 452.