JACKSON *v.* STATE OF INDIANA.

[No. 470S78. Filed November 25, 1970. No petition for rehearing filed.]

*Jerome E. Levendoski,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Lon D. Showley,* Deputy Attorney General, for appellee.

HUNTER, C.J.—Appellant was charged by affidavit with the crime of first degree burglary to which he plead not guilty. Trial by jury resulted in a verdict of guilty as charged and appellant was sentenced to the Indiana State Prison for a period of not less than ten (10) nor more than twenty (20) years and costs.

The sole assignment of error on this appeal is the overruling of appellant's motion for new trial. In that motion it is asserted that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. More specifically, it is contended that the evidence is insufficient to connect the appellant with the crime in that the only evidence in this regard consisted of the testimony of police officers relating to certain oral admissions made by appellant.

A brief recital of the evidence most favorable to the appellee follows. On the evening of October 10, 1968, one Ronald M. McVay of Ft. Wayne, Indiana, left his home with his family to attend a neighborhood carnival. Mr. McVay testified that the house was locked when he left. Upon the family's return, they immediately noticed that the door at the rear entrance to the home was now unlocked and standing open. Further investigation revealed that the household items were in general disarray,—as if someone had gone through them; a quick inventory disclosed that a wristwatch, two rings, a camera and a pearl stick tie-bar were missing, as well as a small fireproof safe containing various insurance policies, certificates, savings bonds and over two hundred dollars in cash.

The police were notified but their investigation of the home failed to provide any information as to the identity of the burglar. Two Fort Wayne Police Officers were assigned to the case, Gervase Herman and Frank Bandor who, through the subsequent apprehension of two other men, learned that some of the savings bonds stolen from the McVay home could be recovered from a house in Indianapolis. During this conversation with the two men, the name of one Franklin Meek was mentioned. During a subsequent conversation with Mr. Meek the name of appellant was mentioned as an accomplice in the burglary of the McVay home. It might also be noted that a search of the house named by the two apprehended individuals referred to above resulted in the recovery of four savings bonds stolen from the McVays.

Upon learning of appellant's alleged complicity in the burglary, an arrest warrant was issued for his immediate arrest. His arrest was accomplished in Portage, Indiana, by the Portage City Police and on February 28, 1969, Officers Herman and Bandor were dispatched to Portage to return appellant to Fort Wayne; after he was released to them he was promptly advised of his constitutional rights. As they began to leave Portage, appellant asked the officers if he could

talk to his wife before leaving, promising in return to tell them what happened to the two rings stolen in the McVay burglary. The officers agreed.

After leaving his wife's place of residence and on the return trip to Fort Wayne, appellant admitted his participation in the burglary in the presence of both officers, describing the manner in which the burglary was consummated and the disposition of several of the items there stolen.

On this appeal, appellant urges that the only evidence tending to establish his participation in the crime is that pertaining to his extra-judicial statements made to the two police officers and that such evidence was inadmissable since the state failed to prove the *corpus delecti* of the crime charged.

The requirement that the *corpus delecti* be proved before extra-judicial admissions may be introduced into evidence is cautionary:

> "The rule requiring proof of the corpus delecti of a crime has its origin and basis in the hesitancy of the law to accept without adequate corroboration, the confession of a defendant (extra-judicial) unless it be one made in open court— as a plea of guilty." *Brown* v. *State* (1958), 239 Ind. 184, 154 N. E. 2d 720, 722.

Proof of the *corpus delecti* in Indiana for purposes of rendering admissable the extra-judicial confession of an accused has been determined to mean independent proof that a specific crime has been committed by someone. *Jones* v. *State* (1969), 253 Ind. 235, 252 N. E..2d 572; *Brown* v. *State, supra; Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556.

> "In other words, the independent evidence must be of such a character that reasonable inferences may be drawn to support a conclusion that a crime of the nature and character charged has been committed by someone." *Brown* v. *State, supra,* 154 N. E. 2d at 722.

For this purpose, the *corpus delecti* need not be proven beyond a reasonable doubt before the extra-judicial confession

is admissable, *Jones* v. *State, supra, Holding* v. *State* (1963), 244 Ind. 75, 190 N. E. 2d 660, and it is sufficient if it be proven by circumstantial evidence. *Brown* v. *State, supra, Dunbar* v. *State* (1961), 242 Ind. 161, 177 N. E. 2d 452.

Considering these principles in light of the case at bar, we hold that the *corpus delecti* of the crime charged, to-wit: first degree burglary was sufficiently shown to permit the introduction of evidence pertaining to appellant's extra-judicial admissions. The testimony of Ronald Mc-Vay as to the condition of his home before departure and upon return was of sufficient character to justify the reasonable inference that there had been a breaking and entering into the dwelling house of McVay by one intending to commit a felony therein. Having thus established the *corpus delecti,* evidence of appellant's statements to police became admissable. There was then sufficient evidence before the trier of fact from which they could reasonably infer appellant to be guilty.

For these reasons the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, DeBruler and Givan, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 263 N. E. 2d 649.