THEON JACKSON *v.* STATE OF INDIANA.

[No. 569S110, 111. Filed July 25, 1972.]

*Robert E. Robinson, Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On July 5, 1972, this court was notified by the Clerk of the United States Supreme Court that certiorari had been granted in the above case and that this cause was remanded for "further proceedings in conformity with the judgment of [the United States Supreme] Court." See *Jackson* v. *Indiana* (1972), 406 U.S. 715, 92 S. Ct. 1845, 32 L. Ed. 2d 435.

We had previously affirmed the action of the trial court in committing the Appellant to the Indiana Division of Mental Health "to be confined until such time as the Division of Mental Health shall certify to the [trial] Court that the defendant is sane." We draw from the decision of the United States Supreme Court, its' concurrence with appellant's argument that the effect of the application of our pre-trial incompetency statute in this case, [IC 1971, 35-5-3-2, *Burns' Ind. Ann. Stat.* § 9-1706 (a) (1972) Supp.)] amounts to "substantially life imprisonment."

When the case was originally before this court [*Jackson* v. *State* (1970), 255 Ind. 289, 255 N. E. 2d 515 (DeBruler, J. dissenting with whom Jackson, J. Concurs)] we interpreted the statutory reference to "insanity", as used therein [IC 1971, 35-5-3-2, *Burns' Ind. Ann. Stat.* § 9-1706 (a) (1972 Supp.)], as comprising that type of mental defect which would include a lack of "comprehension sufficient to understand the proceedings and make his defense." To this, the United States Supreme Court stated in part:

"We hold, consequently, that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be

justified by progress toward that goal. In light of differing state facilities and procedures and a lack of evidence in this record, we do not think it appropriate for us to attempt to prescribe arbitrary time limits." (Slip opinion at 22.) *Id.*, 32 L. Ed. 2d at 451.

The United States Supreme Court further alludes to the fact that the defendant has "now been confined three and one-half years . . ." *Id.* (in fact, Jackson has been in custody over four years) apparently, sua sponte it questions whether this procedure has deprived Appellant of his Sixth Amendment right to a speedy trial. This question seems somewhat ironic and perhaps misplaced when one considers that one-half of the period of Jackson's confinement has been consumed by proceedings for certiorari above the level of this Court. Our record shows that the defendant was charged May, 1968. This case went through the entire state procedure, and a final opinion was handed down by this Court February 19, 1970. Appellant's motion for a rehearing was denied on May 13, 1970. The balance of the four years has been devoted to proceedings before the United States Supreme Court.

We draw from the statement of the United States Supreme Court that except in collateral proceedings in a criminal case to determine the mental capacity of a defendant to stand trial, all other proceedings to confine a defendant because of mental conditions, including that of being dangerous to himself as well as other members of society, must be brought through "civil proceedings" under the equal protection clause.

In a criminal case, therefore, such as this before us, the court may only determine if, under the statute in this state, the defendant has sufficient comprehension or understanding of the proceedings and can make his defense and if he lacks such understanding, if there is a probability "within a reasonable time" that he will acquire such ability. If not, he must be discharged.

Accordingly, this cause is remanded to the trial court with directions to hold a hearing and to determine whether or not

the appellant has been deprived of "a speedy trial" and has been held beyond a "reasonable period of time necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial."

If there is a negative finding above, then the court shall proceed to hold a hearing to determine whether or not there is reasonable probability within a reasonable time of the appellant attaining the mental capacity to stand trial, otherwise to discharge him in this proceeding pursuant to the mandate of the United States Supreme Court.

The Petition to Remand is granted and this cause accordingly is remanded to the trial court for further proceedings not inconsistent with the opinion of the United States Supreme Court.

All Justices concur.

NOTE.—Reported in 285 N. E. 2d 277.