CORNELL LEE HOPKINS *v.* STATE OF INDIANA.

[No. 3-1272A96. Filed May 17, 1973.]

*Barrie C. Tremper,* Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Cornell Lee Hopkins had made an extrajudicial confession of first degree burglary to the police. He entered his plea of not guilty to the first degree burglary affidavit which was filed later. At the court trial, his extrajudicial confession was admitted into evidence. When the State rested, Cornell Lee Hopkins moved for a discharge. This motion was denied by the trial court. The trial court sentenced Cornell

Lee Hopkins to the Indiana Department of Corrections for a period of not less than ten (10) years nor more than twenty (20) years. Two issues are presented by Hopkins' motion to correct errors for determination on appeal. These issues are:

1. Was there sufficient independent evidence to establish a *corpus delicti* for the purpose of admitting into evidence the extrajudicial confession?
2. Was there sufficient evidence of probative value from which the trier of facts could have reasonably inferred that Cornell Lee Hopkins was guilty of first degree burglary beyond a reasonable doubt?

We conclude in our opinion that there was sufficient evidence to establish a *corpus delicti* for the purpose of admitting into evidence Cornell Lee Hopkins' extrajudicial confession and that there was substantial evidence of probative value from which the trier of facts could have reasonably inferred that Cornell Lee Hopkins was guilty of first degree burglary beyond a reasonable doubt. Our opinion affirms the judgment of the trial court.

## II.
### STATEMENT OF THE FACTS

On September 15, 1971, the home of Mr. and Mrs. Thurston Howell at 2913 South Hanna Street, Fort Wayne, Indiana was broken into and a sewing machine was stolen. Officer Franklin E. Bandor of the Fort Wayne Police Department was sent to investigate. He learned from a Mr. Booker, a neighbor of the Howells, that Cornell Lee Hopkins might be a suspect. Officer Bandor went to see Hopkins at his home, but he was not there. His mother stated to Officer Bandor that her son was a drug addict. She promised that she would bring him to the Police Station later. The following day, September 16, 1971, Cornell Lee Hopkins did come to the Police Station with his mother and brother. After being advised of his rights and signing a waiver form, he confessed to the burglary at 2913 South Hanna Street as well as to some other previous burglaries.

Again on September 17, 1971, Cornell Lee Hopkins was read his rights and signed another waiver form. He again admitted to the burglary of the Howells and at a later date rode around with the police pointing out other houses he had burglarized. There is conflicting testimony as to whether Hopkins was experiencing withdrawal symptoms during the confessions. The record shows that no motion was made to suppress the confessions on the grounds of involuntariness due to illness. This issue was not mentioned in Hopkins' motion to correct errors.

. On September 21, 1971, an affidavit for first degree burglary was filed in the Allen Circuit Court against Cornell Lee Hopkins. He was represented by the public defender and entered a plea of not guilty to first degree burglary. After his trial on June 19, 1972, Hopkins was found guilty. The court sentenced him to the Indiana Department of Corrections for not less than ten (10) years, nor more than twenty (20) years on July 14, 1972. His motion to correct errors was filed on August 3, 1972.

## III.
### STATEMENT OF THE ISSUES

The two issues presented by the motion to correct errors and to be determined by this Court on appeal are:

1. Was there sufficient independent evidence to establish a *corpus delicti* for the purpose of admitting into evidence the extrajudicial confession?

2. Was there sufficient evidence of probative value from which the trier of facts could have reasonably inferred that Cornell Lee Hopkins was guilty of first degree burglary beyond a reasonable doubt?

## IV.
### STATEMENT ON THE LAW

Independent proof of the *corpus delicti* must be in evidence before an extrajudicial confession will be admitted into

evidence. *Gaines* v. *State* (1921), 191 Ind. 262, 132 N.E. 580; *Parker* v. *State* (1949), 228 Ind. 1, 88 N.E.2d 556; *Simmons* v. *State* (1955), 234 Ind. 489, 129 N.E.2d 121; *Hayden* v. *State* (1964), 245 Ind. 591, 199 N.E.2d 102; *Fulmer* v. *State* (1967), 249 Ind. 261, 230 N.E.2d 307; *Walker* v. *State* (1968), 249 Ind. 551, 233 N.E.2d 483. The proof of *corpus delicti* to corroborate an extrajudicial confession so that it will be admissible into evidence should not be confused with the degree of *corpus delicti* proof necessary to sustain a conviction. The Supreme Court of Indiana made this distinction quite clear in *State* v. *Sullivan* (1960), 240 Ind. 274, 278-279, 163 N.E.2d 745:

> "The correct rule as to proof of the corpus delicti is stated in 8 West's Ind. Law Ency., 'Criminal Law,' § 266, as follows:
>
> > 'The corpus delicti, like any other fact necessary to sustain a conviction, must be established beyond a reasonable doubt. Generally, the term 'corpus delicti' means, when applied to any particular offense, that the specific crime charged has actually been committed by some one.' Citing *Taylor* v. *State of Indiana* (1957), 236 Ind. 415, 140 N.E.2d 104; *Hunt* v. *State* (1956), 235 Ind. 276, 133 N.E.2d 48.
>
> The above stated rule as to proof of corpus delicti should not of course be confused with the rule applicable to the admissibility of confessions, and which governs the degree of corroboration required by independent evidence necessary to make a confession admissible."

When presenting independent circumstantial evidence of *corpus delicti* to corroborate an extrajudicial confession, it is not necessary that the *corpus delicti* be established beyond a reasonable doubt. *Dunbar* v. *State* (1961), 242 Ind. 161, 177 N.E.2d 452; *Holding* v. *State* (1963), 244 Ind. 75, 190 N.E.2d 660; *Jones* v. *State* (1969), 253 Ind. 235, 252 N.E.2d 572; *Hayden* v. *State, supra,* and *Parker* v. *State, supra.*

Before the extrajudicial confession is admissible in evidence, the evidence presented independent of and separate from the

extrajudicial confession must establish that the specific crime charged in the affidavit or indictment was committed by someone. In the present case, the independent evidence must show that the specific crime of first degree burglary was committed by someone. *Parker* v. *State, supra.* In *Walker* v. *State, supra,* 249 Ind. at 559, the Supreme Court of Indiana set forth this definition for the proof of *corpus delicti:*

> "Proof of the *corpus delicti* means proof that the *specific* crime charged has actually been committed by someone at the time and place alleged. *Dennis* v. *State* (1952), 230 Ind. 210, 102 N.E.2d 650; *Parker* v. *State* (1950), 228 Ind. 1, 88 N.E.2d 556, 89 N.E.2d 442."

Prior to the admission of the extrajudicial confession of Cornell Lee Hopkins, the State had established the *corpus delicti* through the testimony of Mrs. Howell and Officer Bandor. Mrs. Thurston Howell testified that upon returning to her home, which had been specified in the affidavit, she discovered that her basement window and the shrubbery outside had been disturbed. She further testified that the upstairs bedroom window screen had been ripped and that her bedroom had been disarranged. She discovered that her sewing machine had been stolen. Officer Bandor had made an investigation of the burglary. He testified that entry was made into Mrs. Howell's home by crawling up the framework of the house and through the open bedroom window. We have very carefully reviewed all the evidence presented prior to the admission of Cornell Lee Hopkins' extrajudicial confession and we find that it was amply sufficient to establish proof of the *corpus delicti* for the purpose of admitting into evidence the extrajudicial confession given to the police.

Reviewing all of the evidence most favorable to the State together with all the reasonable inferences which may be drawn therefrom, we find that there was substantial evidence of probative value from which the trial court could have reasonably inferred that Cornell Lee Hopkins was guilty of first degree burglary beyond a reasonable doubt. *Fuller* v.

*State* (1971), 256 Ind. 681, 271 N.E.2d 720; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N.E.2d 502; and *Pfeifer* v. *State* (1972), 152 Ind. App. 315, 283 N.E.2d 567. We find no error.

Therefore, the judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 296 N.E.2d 151.