BRIDDIE JOHNSON *v.* STATE OF INDIANA.

[No. 3-675A127. Filed April 7, 1976.]

*Robert S. Bechert,* Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant appeals his conviction for first degree burglary. He asserts that the state failed to establish the *corpus delicti* so as to permit evidence of his confession and that independent of the confession, the evidence was insufficient to sustain the conviction.

The elements of first degree burglary are breaking and entering a dwelling house or other place of human habitation with the intent to commit a felony therein. IC 1971, 35-13-4-4. It is not necessary that the felony intended be actually committed. *Suter* v. *State* (1949), 227 Ind. 648, 88 N.E.2d 386.

To avoid the risk of convicting someone for a crime to which he confessed, but which never occurred, a confession must be excluded, unless the state introduces corroborating evidence concerning the *corpus delicti*. *Cambron* v. *State* (1975), 262 Ind. 660, 322 N.E.2d 712; *Parker* v. *State* (1949), 228 Ind. 1, 88 N.E.2d 556. This, however, does not mean the state must establish every element of the offense beyond a reasonable doubt before a defendant's confession is admissible. Rather, as the court stated in *Parker* v. *State* (1949), 228 Ind. 1, 7-8, 88 N.E.2d 556, 558:

> "In Indiana the independent evidence alone need not be sufficient to establish the *corpus delicti* beyond a reasonable doubt, but there must be some evidence of probative value aside from the confession to prove that the crime charged was committed. When there is some independent evidence tending to prove that the crime charged has been committed by someone the confession may be considered with the independent corroborating facts in determining whether the *corpus delicti* has been established beyond a reasonable doubt." *See, also, Messel* v. *State* (1911), 176 Ind. 214, 95 N.E. 465.

Here the evidence clearly established that the defendant broke into, entered and was apprehended by the police in the apartment of Judith Ann Carlisle.

This was sufficient to permit introduction of his extrajudicial confession in which he admitted that he intended to commit theft.

Accordingly, the *corpus delicti* was established beyond a reasonable doubt and the evidence sustains the conviction.

Affirmed.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 344 N.E.2d 305.