JOSEPH MARTIN DULING *v.* STATE OF INDIANA.

[No. 1-376A41.  Filed September 14, 1976.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John P. Avery,* Deputy Attorney General, for appellee.

### CASE SUMMARY

LOWDERMILK, J.—Defendant-appellant, Joseph Martin Duling (Duling) was convicted by a jury of the offenses of

Burglary in the Second Degree[1] and Conspiracy to Commit a Felony—to wit: Burglary in the Second Degree,[2] and he appeals.

We affirm.

## FACTS

The facts are that, on the evening of April 27, 1975, the burglar alarm of George Ping's home sounded to announce that someone was in his welding shop which was 70 rods down the road. Ping grabbed his .22 rifle. As he drove to his shop he noticed what he thought to be the burglar's van beside the road; he punctured a tire on the van before going on. Outside the shop, Ping stopped the fleeing defendant, shot him in the leg, and at gunpoint, forced him to lie on the floor inside the shop. A Deputy Sheriff arrived, arrested Duling for trespassing, took him to the hospital where his leg was bandaged and then booked him at the jail. After the Deputy left the shop with the defendant, a neighbor, Glen Wiley, responded to a telephone call from Mrs. Ping, and drove down the road to the shop. He saw the same van and a man was inside. Wiley brought the man to the shop. A State Trooper arrived and arrested the man. The deputy, the trooper, and an Indiana State Police Sergeant interrogated Duling late that night and the next day, April 28, 1975, Duling signed a written confession.

## ISSUES

Duling, on appeal, raises the following two issues:

1. Whether there was any independent evidence of probative value presented at the trial, other than the defendant's written statement, which established the corpus delicti of the crime of Conspiracy to Commit a Felony, to-wit: Second Degree Burglary.

2. Whether the trial court committed reversible error in its wording and giving of Instruction No. 20.

---

1. IC 1971, 35-13-4-4, Ind. Ann. Stat. § 10-701 (Burns 1956).
2. IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956).

ISSUE ONE:

The crime of conspiracy must be proved beyond a reasonable doubt. The elements necessary to constitute a conspiracy under the statute were first laid down in *Coughlin* v. *State* (1950), 228 Ind. 393, 395, 92 N.E.2d 718, 719:

> "In order to be a conspiracy there must be an intelligent and deliberate agreement to commit the offense charged. It is sufficient if the minds of the parties meet understandingly to bring about an intelligent and deliberate agreement to do the acts and commit the offense, though the agreement is not manifest by any formal words. Concurrence of sentiment and co-operative conduct in the unlawful and criminal enterprise are the essential ingredients of criminal conspiracy. There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement may be legally inferred. Conspiracies cannot be established by a mere suspicion. Evidence of mere relationship or association between the parties does not show a conspiracy. . . ."

In *Robertson* v. *State* (1952), 231 Ind. 368, 108 N.E.2d 711, 712, 713, our Supreme Court stated:

> "The existence of the agreement need not be proved directly but may be inferred from other facts proved. If one concurs in a conspiracy, no proof of an agreement to concur is necessary to establish his guilt."

Duling contends that the evidence presented by the State is insufficient to support his conviction for Conspiracy to Commit Second Degree Burglary. Duling argues that there was no independent evidence to establish any conspiracy and therefore his written statement should not have been admitted as evidence.

When reviewing the sufficiency of the evidence, it is not the duty of this court to weigh the evidence or to determine the credibility of witnesses. This court looks to the evidence and reasonable inferences therefrom most supportive of the verdict, to determine if there is substantial evidence of probative value from which the trier

of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. Circumstantial evidence is subject to a similar review which specifically requires that we view the evidence, not for the purpose of determining whether or not it is adequate to overcome every reasonable hypothesis of innocence, but with the same general view of deciding whether an inference may be reasonably drawn therefrom which tends to support the finding of the trial court. *Atkins* v. *State* (1974), 159 Ind. App. 387, 307 N.E.2d 73; *McAfee* v. *State* (1973), 259 Ind. 687, 291 N.E.2d 554; *Glover* v. *State* (1973), 157 Ind. App. 532, 300 N.E.2d 902.

Among the items of proof of the crime of conspiracy in this case is Duling's extra-judicial confession. Either before or after an extra-judicial confession is admitted into evidence, some corroborating evidence independent of the confession must be presented which establishes that the specific crime charged in the indictment or information was committed by someone at the time and place alleged. *Hogan* v. *State* (1956), 235 Ind. 271, 132 N.E.2d 908; *Parker* v. *State* (1949), 228 Ind. 1, 88 N.E.2d 556.

The purpose of the requirement of corroborating evidence is to avoid the risk of convicting someone for a crime to which he confessed but which he never committed, and to require that the State prove the crime rather than allow the defendant to convict himself. *Hogan, supra; Johnson* v. *State* (1976), 168 Ind. App. 635, 344 N.E.2d 305.

Circumstantial evidence is sufficient to prove the corpus delicti to corroborate an extra judicial confession. *Smith* v. *State* (1976), 167 Ind. App. 428, 339 N.E.2d 118; *Jones* v. *State* (1969), 253 Ind. 235, 252 N.E.2d 572; *Dunbar* v. *State* (1961), 242 Ind. 161, 177 N.E.2d 452.

For the preliminary purpose of determining whether the confession is admissible, the State does not have to prove the corpus delicti beyond a reasonable doubt. *Cambron* v. *State*

(1975), 262 Ind. 660, 322 N.E.2d 712; *Smith, supra; Dunbar, supra.*

The degree of proof required to establish the corpus delicti for admission of a confession is that amount which would justify the reasonable inference that the specific criminal activity had occurred. *Jackson* v. *State* (1970), 255 Ind. 289, 263 N.E.2d 649, *Brown* v. *State* (1960), 239 Ind. 184, 154 N.E.2d 720, *cert. denied* 361 U.S. 936, 80 S.Ct. 375. The proof required to establish the corpus delicti is not synonymous with the proof required to make a prima facie case; not every element of the crime charged need be proved beyond a reasonable doubt before the confession is admissible. *Jones, supra; Hopkins* v. *State* (1973), 156 Ind. App. 272, 296 N.E.2d 151.

In the case at bar, the State was required to prove first, the occurrence or the circumstance of the act, and secondly, somebody's criminality. *Jones, supra.*[3] A conspiracy to commit a felony occurs when the defendant unites or combines with another person or persons for the purpose of committing a felony. IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956).

The evidence most favorable to the State showed that Ping's shop was in the country some distance from any town. The van was the only strange vehicle near the shop which would ordinarily be reached by a motor vehicle. Duling was apprehended fleeing from Ping's shop.

The testimony in this case concerning a third person includes the following:

Witness Ping's testimony:

"Q. Was there any other conversation between you and the defendant at that time, later, while he was there on your premises?

A. Yes.

Q. Well, what did he say to you, and what did you say to him?

---

3. The act of conspiracy will not necessarily produce evidence, such as a burned house or a dead body.

A. He said he was shot. I believe those are the first words he said to me. I asked him where his partner was. He didn't have any. And, I repeated that question more than once.

Q. Did he repeat the answer more than once?

A. Yes, he didn't have any. And his last answer was he didn't know."

Monty McPherson was found in the van, was picked up and brought to the shop by Ping's neighbor, and was arrested by Trooper Love. Duling and McPherson were the only strange people found in close proximity to Ping's shop in that rural area, at a late hour on a Sunday night after Ping's shop had been burglarized.

In reviewing all of the evidence most favorable to the State, presented prior to admission of Duling's written statement, together with all the reasonable inferences which may be drawn therefrom, we find that it could reasonably be inferred that the person found in the van was not merely a passer-by, but that he was there to execute a conspiratorial agreement with Duling to burglarize the welding shop. A conspiratorial agreement or joint assent of the minds of two or more persons may be proved by direct evidence or by "such a state of facts that an agreement may be legally inferred." *Johnson* v. *State* (1935), 208 Ind. 89, 194 N.E. 619; *Shelton* v. *State* (1972), 259 Ind. 559, 290 N.E.2d 47. This evidence was sufficient to establish proof of the corpus delicti for the purpose of admitting Duling's extra-judicial confession. *Cambron, supra;* See, *People* v. *Asta* (1953), 337 Mich. 590, 60 N.W.2d 472, *People* v. *Blakes* (1969), 382 Mich. 570, 170 N.W.2d 832.

For a conviction, the State was required to prove each of the elements of the crime beyond a reasonable doubt. *Cambron* v. *State, supra.* In determining the sufficiency of the evidence for conviction, the confession may be considered along with the independent evidence. *Green* v. *State* (1973), 159 Ind. App. 68, 304 N.E.2d 845.

This court has carefully reviewed all the evidence most favorable to the State along with all reasonable inferences therefrom, including Duling's written statement, and we find that there was substantial evidence of probative value from which the jury could have reasonably inferred that Duling was guilty of conspiracy to commit a felony, to-wit: Second Degree Burglary, beyond a reasonable doubt.

ISSUE TWO:

Defendant contends that the trial court, in giving Instruction 20, omitted two essential elements, with the result that the instruction was fatally defective under the following line of cases: *Bird* v. *State* (1886), 107 Ind. 154, 8 N.E. 14; *Hunter* v. *State* (1884), 101 Ind. 241; and *Hart* v. *State* (1877), 57 Ind. 102. The defendant has failed to recognize the distinction between the elements of an offense, and the facts or evidence necessary to prove the offense and to sustain a conviction.

When the trial court undertakes to state in an instruction all of the elements of the offense necessary to a conviction, and an essential element is omitted, the instruction will be fatally defective. *Bird, supra.* Instruction 20 quoted the statute defining the offense of Conspiracy to Commit a Felony, with which the defendant was charged, and then added:

"To convict the defendant of Conspiracy To Commit A Felony as charged in Count II of the Information herein, you must find that the State has proved each of the following essential elements beyond a reasonable doubt:

1. That in Rush County, Indiana the defendant united or combined with another person or persons.
2. For the purpose of committing a felony.

If you find the defendant guilty of the crime of Conspiracy To Commit A Felony, you should so state in your verdict and in such event the form of your verdict should be:

(H.I.)

If you find the defendant Not Guilty of the crime of Conspiracy To Commit A Felony as charged in Count II of the

Information, you should so state in your verdict and in such event, the form of your verdict should be:

(H.I.)"

This instruction does not omit any definitive, legal element of the offense. *Moore* v. *State* (1948), 226 Ind. 428, 81 N.E.2d 669; *Bird, supra*. The court stated the law correctly.

This should not be confused with the situation in the *Bird*, *Hunter*, and *Hart* cases wherein the trial courts each undertook to list, in one instruction, all of the facts and evidence necessary to prove the guilt of the defendant. To avoid being defective such an instruction should not be so constructed as to withdraw from the jury competent and material evidence. *Hunter, supra*. For example, an instruction which directs a jury to return a verdict of guilty upon a finding of fact from certain evidence which may not include the essential facts of the crime charged in the indictment may be fatally defective for omitting an element. *Kelley* v. *State* (1936), 210 Ind. 380, 3 N.E.2d 65. When the court undertakes to state all the facts to be proved in one instruction, the jury is led to believe that to find the defendant guilty, no other evidence need be considered. Such an erroneous instruction is not corrected by giving another correct or supplementing instruction unless the improper instruction is withdrawn. *Moore, supra*. Additional instructions are conflicting and confuse the jury, and it is impossible to determine which instruction they followed. *Moore, supra*.

Instruction 20 did not purport to list any of the facts required to be found among the evidence to justify a conviction. It correctly stated the law, and it is sufficient here that Instruction 1, which recited the factual allegations of the information, supplied the name of the co-conspirator and the particular felony that must be proved.

To find error in an instruction given by the trial court, it must be incomplete, obscure, or not accurate so as to mislead or be misunderstood by the jury. *Moore, supra*. Whether the

error in the instruction requires reversal depends upon whether the instructions when read as a whole are sufficient to be understood by the jury.

The defendant did not state in his objection at trial, in his motion to correct errors, or in his brief, that there was any harm done to him by the giving of Instruction No. 20. *Angel* v. *State* (1973), 155 Ind. App. 242, 292 N.E.2d 268. He does not state that it misled the jury, or that it produced confusion. The designation of the particular felony is not required to be stated as an element in an instruction listing the elements of the offense of Conspiracy to Commit a Felony when, as in this case, the particular felony is designated and defined in other instructions in a way that is sufficiently clear. We find that Instruction No. 20 was correct and that the instructions as a whole were sufficient.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 354 N.E.2d 286.