Bill J. **HARKRADER,** Appellant
(Defendant Below)

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 28A01–9001–CR–17.

Court of Appeals of Indiana,
First District.

May 10, 1990.

Robert C. Price, Price and Runnells, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Appellant-defendant Bill Harkrader appeals his conviction of dealing in a controlled substance, a Class B felony.

We affirm.

Harkrader raises these three issues: 1) whether the State failed to establish the corpus delicti for the offense of dealing; 2) whether there was sufficient evidence establishing venue; and 3) whether the State established when the offense occurred.

*Corpus Delicti*

Harkrader maintains that the State's evidence, independent of his confession, did not establish that a delivery had occurred, an element of the charged offense. Although Harkrader does not specifically question the admissibility of his confession, he raises it implicitly when he argues that the State must present sufficient evidence *independent* of his confession, to establish corpus delicti.

This is because the State's case may be tested by reference to the corpus delicti in two ways. For the preliminary purpose of determining whether the confession is admissible, the State must present evidence independent of the confession establishing that the specific crime charged was committed by someone. *Duling v. State* (1976), 170 Ind.App. 607, 354 N.E.2d 286, 290. The degree of proof required to establish the corpus delicti for admission of a confession is that amount which would justify the reasonable inference that the specific criminal activity had occurred. *Id.* It is not necessary to make out a prima facie case as to each element of the offense charged, *Fleener v. State* (1980), 274 Ind. 473, 412 N.E.2d 778, and the corpus delicti may be shown by circumstantial evidence.

*Grey v. State* (1980), 273 Ind. 439, 404 N.E.2d 1348.

On the other hand, in order to sustain a conviction the corpus delicti must be proved beyond a reasonable doubt. *Grey, id.; Duling, supra.* In determining the sufficiency of the evidence for conviction, the confession may be considered along with the independent evidence. *Duling,* 354 N.E.2d at 291.

Accordingly, we review the evidence favorable to the State, exclusive of Harkrader's extra-judicial admission, to determine whether his confession was admissible. If it was, it may be considered, along with the other evidence of the case, to determine whether Harkrader's conviction was supported by sufficient proof of the corpus delicti.

On September 30, 1988, Officers Cox and Fish of the Jasonville Police Department stopped Harkrader's vehicle for a traffic violation. Harkrader was driving and a woman, Crystal Davis, was a front seat passenger. When Officer Fish observed several marijuana roaches in the ashtray, he asked Harkrader and Davis to step out of the car. When asked what the items in the ashtray were, Harkrader replied in drug parlance: "roaches." Harkrader and Davis then voluntarily emptied the contents of their pockets and Davis's purse. Among other items, Davis's purse contained a package of Camel cigarettes, which had two tablets secreted between the package and the cellophane wrapping. Officer Fish asked Davis whether she had a prescription for the tablets; Davis could not produce a prescription. When Davis was asked where she had gotten the pills, Harkrader blurted out that he had given them to her. The two pills were found to be a schedule II controlled substance.

It is his admission of having given Davis the two pills, that, Harkrader maintains, was the only evidence on which he was convicted of dealing.

■ Specifically, Harkrader asserts that the evidence surrounding the discovery of controlled substances in his companion's possession is too meager to show that any-

one committed a delivery, an element of the crime with which he was charged.

Under IND. CODE 35–48–4–2, a person who:

(1) knowingly or intentionally manufactures or delivers a controlled substance, pure or adulterated, classified in schedule I, II or III except marijuana, has oil, or hashish; or

* * * * * *

commits dealing in a schedule I, II or III controlled substance, a Class B felony.

Delivery means an actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. I.C. 35–48–1–1.

■ The supreme court in *Jones v. State* (1969), 253 Ind. 235, 252 N.E.2d 572, *cert. denied* 431 U.S. 971, 97 S.Ct. 2934, 53 L.Ed.2d 1069, gave a lengthy explication of the elements of corpus delicti to which Indiana adheres. It defined corpus delicti in three elements: first, the body or material substance of the crime, e.g., the corpse of a person or the remains of a burned house. Second is evidence of someone's criminality, such as murder in the case of the body, or arson in the case of the house. The third element is the identity of the perpetrator. Identity is not required to be established before a confession is admissible, and the establishment of the first two elements is all that is necessary in Indiana to satisfy the exclusionary rule's cautionary purpose. 252 N.E.2d at 577, 580.

■ The officers' testimony and that of a chemist revealed direct evidence that the pills in Davis's possession were a schedule II controlled substance. From the testimony regarding the unavailability of a prescription for the pills, and their location inside a cellophane cigarette wrapper, the trier of fact could infer that Davis' possession was illegal. From all this evidence, we believe it is reasonable to infer that Davis' possession was the result of a delivery. The identity of the person delivering did not need to be established independent of the confession. Although the evidence does not exclude the hypothesis that Davis found the pills, stole them, or manufac-

tured them herself, the evidence gives rise to a reasonable inference that someone had delivered the pills to Davis. *Cf. Grey v. State*, 404 N.E.2d 1348 (laceration to child's vagina consistent with rape, although other, accidental causes could be hypothesized).

Therefore, the State established the corpus delicti, permitting admission of Harkrader's statement that he had given the controlled substance to Davis. Viewing the evidence favorable to the State, including Harkrader's confession and the independent evidence, we conclude also that the conviction was supported by sufficient proof of the corpus delicti. We will not reverse on this issue.

*Venue*

Harkrader raised sufficiency of the evidence at the close of the State's case in a motion for judgment on the evidence. He failed to raise a question regarding venue at that time. A defendant waives error relating to venue when he fails to make an objection at the appropriate time in the trial court. *Floyd v. State* (1987), Ind., 503 N.E.2d 390. Therefore, any error is waived.

*Time of Offense*

The evidence was sufficient to show that Harkrader delivered the controlled substance to Davis within five years before the date on which he was charged (I.C. 35–41–4–2 sets the statute of limitations for a Class B felony). The record establishes that Harkrader met Davis in the summer of 1988, permitting the inference that the delivery took place sometime after that, well within the statute of limitations.

Having found Harkrader's contentions without merit, we affirm.

Judgment affirmed.

RATLIFF, C.J., and CHEZEM, P.J., concur.