ATTORNEY FOR APPELLANT

Jack Quirk
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana



FILED

Jun 27 2017, 4:15 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 18S05-1706-CR-429

ANDY A. SHINNOCK,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Delaware Circuit Court, No. 18C02-1508-F6-117
The Honorable Kimberly S. Dowling, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 18A05-1606-CR-1258

**June 27, 2017**

**David, Justice.**

Defendant appealed his bestiality conviction arguing that the State failed to establish the *corpus delicti* of the offense, rendering evidence of his confessions inadmissible. Finding that the State presented independent evidence that provided an inference that Defendant committed bestiality, we hold that defendant's confessions were admissible. Accordingly, we affirm the trial court.

## Facts and Procedural History

In August 2015, Paul Moore and Andy Shinnock were roommates in Muncie, Indiana. Moore's two dogs, a female pit bull named Baby Girl and a male Labrador Retriever mix named Cosmo, lived with them. One morning, Moore returned home from work, and neither of his dogs were waiting to greet him at the door like they usually did. Moore called for them. Cosmo eventually came to him, but Baby Girl did not. Moore noticed the apartment was messy. That is, there was dog feces all over the floor and dog food scattered about. This was also unusual. Moore opened the door to Shinnock's room. Baby Girl came out and ran underneath the couch.

Moore observed Shinnock in his room, wearing his boxer shorts and with an erection. When Moore asked Shinnock why his dog was locked inside of Shinnock's bedroom, Shinnock admitted to Moore that he tried to have sexual contact with the dog. Moore called police. When police arrived and asked for Shinnock's version of events, Shinnock admitted he had sex with Moore's dog.

At a bench trial and over Shinnock's objection, the trial court admitted evidence of Shinnock's statements to both Moore and the police. The trial court found Shinnock guilty (but mentally ill) of Bestiality, a Level 6 Felony. Shinnock appealed, arguing the trial court abused its discretion when it admitted evidence of his admissions of guilt, in violation of the *corpus delicti* rule.

In a published opinion, the Court of Appeals reversed Shinnock's conviction holding that the State was required to prove penetration of the dog's sex organ by a male sex organ before it could admit Shinnock's statement into evidence. The State seeks transfer, which we now grant, vacating the Court of Appeals opinion. Ind. App. Rule 58(A).

## Standard of Review

The trial court is afforded wide discretion in ruling on the admissibility of evidence. Nicholson v. State, 963 N.E.2d 1096, 1099 (Ind. 2012). On appeal, evidentiary decisions are

reviewed for abuse of discretion and are reversed only when the decision is clearly against the logic and effect of the facts and circumstances. Id.

## Discussion

At issue in this case is whether the trial court properly admitted Shinnock's statements to Moore and police into evidence. Shinnock argued, and the Court of Appeals found, that doing so violated the *corpus delicti* rule.

In Indiana, a person may not be convicted of a crime based solely on a nonjudicial confession of guilt. Green v. State, 159 Ind. App. 68, 304 N.E.2d 845, 848 (1973). Rather, independent proof of the *corpus delicti* is required before the defendant may be convicted upon a nonjudicial confession. Id. Proof of the *corpus delicti* means "proof that the specific crime charged has actually been committed by someone." Walker v. State, 249 Ind. 551, 233 N.E.2d 483, 488 (1968). Thus, admission of a confession requires some independent evidence of commission of the crime charged. Workman v. State, 716 N.E.2d 445, 447 (Ind. 1999). The independent evidence need not prove that a crime was committed beyond a reasonable doubt, but merely provide an inference that the crime charged was committed. Malinski v. State, 794 N.E.2d 1071, 1086 (Ind. 2003). This inference may be created by circumstantial evidence. Id.

The purpose of the *corpus delicti* rule is to prevent the admission of a confession to a crime which never occurred. Hurt v. State, 570 N.E.2d 16, 19 (Ind. 1991). The State is not required to prove the *corpus delicti* by independent evidence prior to the admission of a confession, as long as the totality of independent evidence presented at trial establishes the *corpus delicti*. McManus v. State, 541 N.E.2d 538, 539-40 (Ind. 1989).

Here, Shinnock was charged with bestiality. Thus, the State had to prove that he "knowingly or intentionally perform[ed] an act involving . . . penetration of an animal's sex organ by the human male sex organ. Ind. Code § 35-46-3-14(4). The Court of Appeals found that because the State did not present evidence of the penetration element, Shinnock's confessions were inadmissible.

3

The State argues that the Court of Appeals confused two different *corpus delicti* categories: 1) the requirement for admitting a confession into evidence; and 2) the evidence sufficient to uphold a conviction. The State further argues that the Court of Appeals opinion holds the State to the incorrect higher burden of what is required to uphold a conviction instead of the lower threshold for admission of the evidence. It quotes another Court of Appeals opinion that explains the two categories and what is required for each:

> . . . the State's case may be tested by reference to the corpus delicti in two ways. For the preliminary purpose of determining whether the confession is admissible, the State must present evidence independent of the confession establishing that the specific crime charged was committed by someone. <u>Duling v. State</u> (1976), 170 Ind. App. 607, 354 N.E.2d 286, 290. The degree of proof required to establish the corpus delicti for admission of a confession is that amount which would justify the reasonable inference that the specific criminal activity had occurred. <u>Id.</u> It is not necessary to make out a prima facie case as to each element of the offense charged, <u>Fleener v. State</u> (1980), 274 Ind. 473, 412 N.E.2d 778, and the corpus delicti may be shown by circumstantial evidence. <u>Grey v. State</u> (1980), 273 Ind. 439, 404 N.E.2d 1348.
>
> On the other hand, in order to sustain a conviction the corpus delicti must be proved beyond a reasonable doubt. <u>Grey</u>, <u>id.</u>; <u>Duling</u>, <u>supra</u>. In determining the sufficiency of the evidence for conviction, the confession may be considered along with the independent evidence. <u>Duling</u>, 354 N.E.2d at 291.

<u>Harkrader v. State</u>, 553 N.E.2d 1231, 1232–33 (Ind. Ct. App. 1990).

We agree with the State. The *corpus delicti* evidence required to have a confession admitted is not the same as the *corpus delicti* evidence required to sustain a conviction. Here, in order make Shinnock's confessions admissible, all the State had to present was independent evidence that provided an inference that the crime charged was committed. <u>Malinski</u>, 794 N.E.2d at 1086. Such evidence may be circumstantial. <u>Id.</u> Further, there is no requirement that all of the elements of the crime be proven prior to introduction of the confessions. See <u>Jones v. State</u>, 253 Ind. 235, 249, 252 N.E.2d 572, 580 (1969) ("it is not necessary to make out a prima facie case as to each element of the crime charged nor is it necessary to prove each element of the crime charged beyond a reasonable doubt before a confession is admissible.")

Due to the nature and circumstances of this matter, there is no direct evidence of what happened to Baby Girl. However, there is ample circumstantial evidence that provides an inference that Shinnock committed bestiality. That is, Baby Girl was not there to greet Moore when he arrived home like she usually did. Instead, she was found trapped in Shinnock's bedroom with him. He was in his underwear and had an erection. The floor was covered in dog feces, which was unusual. When Moore opened the door to Shinnock's room, Baby Girl ran to hide under the couch. All the facts taken together suffice to demonstrate both that the dog was a victim and that Shinnock committed the crime. Accordingly, the trial court properly found that the *corpus delicti* rule was satisfied and admitted the confessions into evidence.

**Conclusion**

We hold that because the State introduced evidence that provided an inference that the crime of bestiality was committed, the confessions were admissible and we affirm the trial court.

Rush, C.J., Massa and Slaughter, J.J., concur.