# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/22/2017, 11:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis Hill Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles Foster,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 22, 2017

Court of Appeals Case No.
49A02-1703-CR-618

Appeal from the Marion Superior Court

The Honorable Robert York, Judge Pro Tem

Trial Court Cause No.
49G04-1604-FA-15663

**Bailey, Judge.**

# Case Summary

[1] Charles Foster ("Foster") appeals his conviction of Criminal Confinement, as a Class C Felony,[1] presenting challenges to the admission of a recorded 9-1-1 call.

[2] We affirm.

# Facts and Procedural History

[3] Around 6:15 a.m. on April 2, 2013, S.W. approached a house in Indianapolis and screamed to a resident that she had just been raped. S.W. appeared to be in shock. The resident called 9-1-1 and an investigation ensued, which included DNA analysis that led police to Foster.

[4] Foster was tried by a jury on several charges: Rape, as a Class A Felony;[2] three counts of Criminal Confinement—two as Class B felonies[3] and one as a Class C felony; and Pointing a Firearm, as a Class A Misdemeanor.[4] At the trial, S.W. and Foster gave conflicting testimony regarding an encounter in Foster's car, and a recording of the 9-1-1 call was admitted over Foster's objection.

---

[1] Ind. Code § 35-42-3-3(a)(1). We refer throughout to the provisions of the Indiana Code in effect at the time of the offense.

[2] I.C. § 35-42-4-1(a)(1).

[3] I.C. § 35-42-3-3(a)(2).

[4] I.C. § 35-47-4-3(b).

The jury found Foster guilty of Criminal Confinement, as a Class C Felony, and not guilty of the remaining counts.

Foster now appeals.

# Discussion and Decision

"The trial court is afforded wide discretion in ruling on the admissibility of evidence." *Shinnock v. State*, 76 N.E.3d 841, 842 (Ind. 2017). We review its rulings for an abuse of that discretion, which "occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it." *Turner v. State*, 953 N.E.2d 1039, 1045 (Ind. 2011).

Foster first argues that the trial court abused its discretion in admitting the recorded 9-1-1 call because the call contains inadmissible hearsay. Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). The Indiana Rules of Evidence provide that hearsay evidence is not admissible unless the evidence satisfies an exception to the rule. Evid. R. 802. Moreover, because the challenged evidence contains two levels of hearsay—(1) statements the caller made and (2) statements made by S.W. that the caller relayed—each level of hearsay must "conform[] with an exception to the rule." Evid. R. 805.

One exception is for an excited utterance, which is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Evid. R. 803(2). Here, the caller stated that S.W.

screamed that she had just been raped and appeared to be in shock. Moreover, when law enforcement responded a few minutes later, S.W. was crying. These circumstances indicate that S.W.'s statements were excited utterances.

Foster does not directly dispute that S.W.'s statements constituted excited utterances, but argues that the caller's statements do not satisfy this exception. Yet, a different exception to the rule against hearsay applies when a statement is a present-sense impression, which is "[a] statement describing or explaining an event, condition or transaction, made while or immediately after the declarant perceived it." Evid. R. 803(1). The caller's statements meet this exception because the call was placed after S.W. screamed she had been raped, and while the caller was with S.W., relaying what was happening, and giving information about the present condition of S.W. Thus, because both levels of hearsay satisfy an exception to the rule, the trial court did not err in this respect.[5]

Foster next argues that admission of the call violated his Sixth Amendment right to confront adverse witnesses because the caller was not present to testify.[6] The Confrontation Clause of the Sixth Amendment to the United States Constitution "prohibits the introduction of testimonial statements by a non-

---

[5] Foster briefly argues that S.W.'s statements were inadmissible because the caller had no personal knowledge of the underlying incident. However, "the hallmark of all hearsay exceptions" is that the excepted statements "bear sufficient indicia of reliability." *Teague v. State*, 978 N.E.2d 1183, 1188 (Ind. Ct. App. 2012). This is why each level of hearsay must independently satisfy an exception. *See* Evid. R. 805. Here, the caller had personal knowledge of what S.W. had just screamed to him and S.W. had personal knowledge of the startling incident. Both levels of hearsay meet an exception to the rule, and the circumstances present sufficient indicia of reliability to admit S.W.'s statements through the caller.

[6] Foster presents no challenge under the Indiana constitution.

testifying witness, unless the witness is 'unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Ward v. State*, 50 N.E.3d 752, 757 (Ind. 2016) (quoting *Crawford v. Washington*, 541 U.S. 36, 54 (2004)).

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis v. Washington*, 547 U.S. 813, 822 (2006).

[12] Foster argues that "the purpose of the call . . . was to report a crime that had already been committed . . . not to address what was happening in the moment." Appellant's Br. at 13. We disagree. Rather, here, the caller stated that he was trying to help S.W. and the call focused on S.W.'s condition—whether she was awake, whether she was breathing normally, and her state of shock. Thus, because the primary purpose of the call was to address S.W.'s emergent needs—not to establish or prove facts relevant to later criminal prosecution—the statements were nontestimonial. We accordingly conclude that admission of the call did not offend Foster's Sixth Amendment right to confront adverse witnesses.

# Conclusion

[13] The trial court properly admitted the recorded 9-1-1 call.

[14] Affirmed.

Baker, J., and Altice, J., concur.