## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

08/31/2017, 10:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew J. Buehler
Reed Earhart & Lennox, LLC
Warsaw, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jonathen R. Lovelace,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 31, 2017

Court of Appeals Case No.
43A03-1703-CR-596

Appeal from the Kosciusko
Superior Court

The Honorable David C. Cates,
Judge

Trial Court Cause No.
43D01-1611-F4-721

**Najam, Judge.**

## Statement of the Case

Jonathen R. Lovelace appeals his conviction for child molesting, as a Level 4 felony. He raises one issue on appeal, namely, whether the trial court abused its discretion when it admitted into evidence a video recording of a child witness's interview regarding the alleged molestation.

We affirm.

## Facts and Procedural History

Lovelace is the biological son of Andrew Riley ("Andrew") and the stepson of Jennifer Riley ("Jennifer"). Andrew and Jennifer also have a minor daughter together, A.R. On October 27, 2016, Lovelace, who was twenty-three years old and who lived in his own apartment, visited the residence of Andrew and Jennifer. After they ate dinner, Lovelace and A.R., who was five years old, played together in various rooms around the house, including in A.R.'s bedroom. At one point, Lovelace and A.R. went under the bed, which was a common place for them to play. Jennifer went into A.R.'s room and asked them to get out from under the bed. The two did not immediately leave from their spot. Approximately ten to fifteen minutes later, Andrew went back to the room and again asked them to get out from under the bed. At this point, the two emerged. A.R. proceeded with her usual bedtime routine and Lovelace spent some additional time with Andrew and Jennifer before he returned to his apartment.

[4] On October 30, while getting ready for bed, A.R. told Jennifer that she had a secret to tell. A.R. told Jennifer that Lovelace "let her touch his private and his booty"[1] while they were under the bed on October 27. Tr. at 36. The next morning, Jennifer went to the Warsaw Police Department station to report A.R.'s claims. After she gave her statement, Jennifer picked A.R. up from school and took her to the police station. There, Child Protective Services Caseworker Kelly Bugg interviewed A.R. During the interview, which was video recorded and monitored by a police officer, A.R. used a diagram of male anatomy to show Bugg that she had touched Lovelace on his penis. On November 2, the State charged Lovelace with one count of child molesting, as a Level 4 felony, and alleged that he was a habitual offender.

[5] On December 30, the State filed its notice of intent to offer statements and videotape of a protected person under the Protected Person Statute, Indiana Code Section 35-37-4-6. On January 10, 2017, the trial court held a hearing on the Protected Person statute. During the hearing, the State called A.R. as a witness. Following the hearing, the court found that A.R. "is not able to understand the nature and obligation of an oath[] and, accordingly, is unavailable for trial." Appellant's App. Vol. II at 13. The court further found that there was "sufficient indicia of reliability by time, content[,] and circumstances" for the statement made to Jennifer and the video-recorded statement to Bugg and that each statement was admissible at trial. *Id.* at 14.

---

[1] Jennifer testified at trial that A.R. would say "privates and booty" when referring to genitalia. Tr. at 37.

[6]     The trial court held a two-day jury trial on January 17-18, 2017. At the onset of trial, while the court addressed preliminary matters but before voir dire, Lovelace objected to the use of A.R.'s video-recorded interview as evidence on the ground that its admission would violate his Sixth Amendment right to confront the witness. The trial court overruled his objection and stated that Lovelace had the opportunity to cross examine A.R. at the January 10 hearing. After opening statements, Lovelace renewed his objection to the use of the video recording as evidence. The trial court again overruled his objection.

[7]     On January 18, the second day of the trial, the State called Bugg as a witness. During Bugg's testimony, the State moved to admit the video-recorded interview of A.R as State's exhibit 9. Lovelace responded: "No objection." Tr. at 82. The trial court admitted the video-recorded interview as evidence and played it for the jury.

[8]     At the conclusion of the first phase[2] of the trial on January 18, the jury found Lovelace guilty as charged, and the court entered judgment of conviction. During the second phase of the trial, the jury found Lovelace to be a habitual offender. On February 16, the trial court sentenced Lovelace to an aggregate sentence of sixteen years in the Indiana Department of Correction with two years suspended to probation. This appeal ensued.

---

[2] The trial court bifurcated the trial to address the habitual offender issue separately.

# Discussion and Decision

Lovelace contends that the trial court violated his Sixth Amendment right to confront a witness against him when it admitted into evidence A.R.'s video-recorded interview. As our Supreme Court recently held:

> The trial court is afforded wide discretion in ruling on the admissibility of evidence. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012). On appeal, evidentiary decisions are reviewed for abuse of discretion and are reversed only when the decision is clearly against the logic and effect of the facts and circumstances. *Id*.

*Shinnock v. State*, 76 N.E.3d 841, 842-43 (Ind. 2017).

On appeal, Lovelace argues that he "made a timely objection to the admission of the videotaped statement prior to its introduction into evidence at trial." Appellant's Br. at 7. However, while the record indicates that Lovelace objected to the use of video evidence on two separate occasions early on the first day of trial, Lovelace did not object when the State moved to introduce the video-recorded interview during Bugg's testimony.

It is well settled that the "failure to make a contemporaneous objectio*n at the time* evidence is introduced at trial will result in waiver of the issue on appeal. Indeed, an appellate claim will not be preserved upon an objection discussed or not mad*e immediately prior to* or following the admission of evidence." *Dilts v. State*, 49 N.E.3d 617, 619 (Ind. Ct. App. 2015) (second emphasis added). Because Lovelace did not make a contemporaneous objection to the admission

of the video-recorded interview, he has waived this issue on appeal. *See e.g.*
*Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010).[3]  Accordingly, we affirm his
conviction.

[12]    Affirmed.

Kirsch, J., and Brown, J., concur.

---

[3] When the State introduced the video-recorded interview into evidence, Lovelace specifically stated:  "No objection."  Tr. at 82.  As such, the doctrine of fundamental error is not available to Lovelace on appeal.  *See* *Halliburton v. State*, 1 N.E.3d 670 (Ind. 2013).