EILEEN A. GALLAGHER, J., DISSENTING:
 

 {¶64} I respectfully dissent from the opinion of my learned colleagues. It is my opinion that there was insufficient evidence to convict the appellant and I would sustain his first assignment of error and vacate his conviction.
 

 {¶65} This case is one of first impression in the state of Ohio and, as such, I refer to case law where a child victim is incompetent, or unable, to testify as well as Evid.R. 807(B). I recognize that Evid.R. 807 is titled "Hearsay exceptions; Child statements in abuse cases" but there is nothing else that is comparable and specific to this case, upon which to rely.
 

 {¶66} Therefore, I find
 
 In re T.W.
 
 ,
 
 2018-Ohio-3275
 
 ,
 
 112 N.E.3d 527
 
 (8th Dist.), to be instructive. In that case, a juvenile was charged with crimes that if committed by an adult would constitute kidnapping, gross sexual imposition and rape of his four-year-old sibling who was found not to be competent to testify at the adjudicatory hearing. The evidence presented at the hearing was testimony from the children's mother and father about the child-victim's disclosure and the child's statements to a social worker working at the hospital where the child was treated. There was no medical or physical evidence confirming sexual abuse. However, the mother testified to behavioral changes that she had observed in the alleged child-victim.
 

 {¶67} The Supreme Court has recognized that expert testimony in sexual abuse cases is admissible to show that the victim's behavior is consistent with behavior observed in sexually abused children, generally.
 
 State v. Stowers
 
 ,
 
 81 Ohio St.3d 260
 
 , 262,
 
 690 N.E.2d 881
 
 (1998). Such expert testimony is permitted precisely because a lay person lacks the specialized knowledge about the behavioral characteristics that result from abuse.
 

 Id.
 

 ;
 
 see also
 

 State v. Boston
 
 ,
 
 46 Ohio St.3d 108
 
 , 128,
 
 545 N.E.2d 1220
 
 (1989) ("Most jurors would not be aware, in their everyday experiences, of how sexually abused children might respond to abuse * * * and the common experience of a juror may represent a less-than-adequate foundation for assessing whether a child has been sexually abused."). In
 
 T.W.
 
 this court found that, without expert testimony to interpret or explain, the mother's observations of the child's behavioral changes were not independent proof as contemplated under Evid.R. 807(A)(3).
 

 {¶68} In this case, there was no expert testimony offered to explain the dog-victim's behavior. The dog's owner testified that she observed the dog behaving atypically after she picked her up from the appellant's home where she left the dog in his care for several hours. The owner sought no veterinary attention for the animal. As such, and similar to
 
 T.W.
 
 , there is no expert testimony demonstrating that the observed behavioral characteristics are independent proof of a sexual act having occurred.
 

 {¶69} "The corpus delicti of a crime is the body or substance of the crime, included
 in which are usually two elements: (1) the act and (2) the criminal agency of the act."
 
 State v. Edwards
 
 ,
 
 49 Ohio St.2d 31
 
 , 31,
 
 358 N.E.2d 1051
 
 (1976), at paragraph one of the syllabus. Where there is a confession that tends to establish the corpus delicti of a crime there must be " '
 
 some
 
 evidence outside of the confession that tends to prove
 
 some
 
 material element of the crime charged' " before the confession is admissible. (Emphasis sic.)
 
 State v. Van Hook
 
 ,
 
 39 Ohio St.3d 256
 
 , 261,
 
 530 N.E.2d 883
 
 (1988), quoting
 
 State v. Maranda
 
 ,
 
 94 Ohio St. 364
 
 ,
 
 114 N.E. 1038
 
 (1916), paragraph two of the syllabus.
 

 {¶70} The majority relies on an Indiana case,
 
 Shinnock v. State
 
 ,
 
 76 N.E.3d 841
 
 (Ind.2017), as the basis for why appellant's letters were admissible. I think that case is distinguishable on its facts. While the court in
 
 Shinnock
 
 found "ample" circumstantial evidence of bestiality as the basis for concluding the defendant's confession was admissible, such evidence is not present here. In
 
 Shinnock
 
 , the dog did not greet its owner as usual as it had been shut in the defendant's bedroom with the defendant. When the owner opened the door, the dog immediately and atypically ran and hid under a couch. The floor was covered in dog feces which was also unusual. Most significantly, the defendant was found in his underwear and with an erection. The court thus found that the corpus delicti was established: these facts "suffice[d] to demonstrate that both the dog was a victim and that [the defendant] committed the crime."
 

 Id.
 

 at 844
 
 . The only similarity that
 
 Shinnock
 
 bears with this case that both contain evidence that the dog behaved atypically.
 

 {¶71} Without evidence that the appellant committed a crime or expert testimony to establish that a sexual act did occur, the appellant's writings to his incarcerated partner, however distasteful they may be, should not have been admitted and without which, no conviction should stand.
 

 {¶72} Further, I take issue with the trial court's sentencing order which includes the condition on his five-year term of inactive probation that "APL permitted random inspection." This allows employees of the Cleveland Animal Protective League, a private nonprofit agency to enter the appellant's home. I recognize that agents of the APL, as a humane society, have authority, under Chapter 1717 of the Ohio Revised Code to arrest persons found violating that Chapter but there is no authority provided for them to enter a private home for inspection.
 

 {¶73} The appellant was placed on inactive probation, a legal fiction. As a condition of such supervision, a probation officer, as a sworn officer of the court, may gain warrantless entry to a person's home. To grant a private citizen this same authority is unconscionable.