FILED

Jun 24 2020, 5:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Elizabeth A. Flynn
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Armann Jamal Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 24, 2020

Court of Appeals Case No.
19A-CR-2849

Appeal from the LaPorte Superior
Court

The Honorable Michael S.
Bergerson, Judge

Trial Court Cause No.
46D01-1812-F3-1318

**Tavitas, Judge.**

## Case Summary

Armann Johnson appeals his conviction for battery with a deadly weapon, a Level 5 felony. We reverse and vacate Johnson's conviction.

## Issues

Johnson raises three issues on appeal; however, we revise and restate as the two following issues.

> I. Whether the trial court abused its discretion in admitting Johnson's out-of-court statement.

> II. Whether the evidence was sufficient to support Johnson's conviction.

## Facts

From August 2018 to October 2018, a series of incidents occurred between Johnson and his on-again-off-again girlfriend, M.W.[1] Detective Arwen LaMotte, with the Michigan City Police Department, became involved with the investigation of the events beginning in August 2018. In the early stages of her interactions with M.W., M.W. was not cooperative with Detective LaMotte and did not want to file charges against Johnson. Ultimately, on October 15, 2018, Detective LaMotte was investigating a fire at M.W.'s apartment that

---

[1] Although several incidents occurred that resulted in multiple charges against Johnson, this appeal focuses on the facts in Johnson's battery charge and subsequent conviction. Importantly, during the trial, testimony was elicited regarding a physical altercation between M.W. and Johnson in August 2018; however, the charging information on the battery charge in this case was based on the battery that occurred on October 7, 2018.

occurred earlier that day, which was determined to be intentionally set. In the course of her investigation, Detective LaMotte interviewed M.W.

[4] During the interview, M.W. was much more cooperative than in the past. In the course of discussing M.W.'s past history with Johnson, M.W. advised Detective LaMotte that Johnson had battered her one week prior to the fire. As a result of the investigation, Detective LaMotte took photographs of bruises on M.W.'s body and took a security stick from M.W.'s apartment.[2] As a result of the interview, Detective LaMotte prepared a police report regarding "domestic battery and strangulation." Tr. Vol. III p. 105.

[5] On November 30, 2018, Johnson was charged with battery with a deadly weapon, a Level 5 felony, based on the October 2018 battery, and several other charges.[3] After Johnson's arrest, Detective LaMotte interviewed Johnson. During the interview, Johnson admitted that he was angry with M.W. and hit M.W. with his fists while at her apartment. *See* State's Ex. 11. In the interview, Johnson told Detective LaMotte that he recalled picking up the security stick and hitting his own hand with the stick; however, Johnson did not recall hitting M.W. with the security stick. When asked by Detective LaMotte if it was

---

[2] The security stick was used as reinforcement for a sliding glass door in the apartment.

[3] As a result of the Detective LaMotte's ongoing investigation, the entirety of Johnson's convictions included: Count I, robbery, a Level 3 felony; Count II, stalking, a Level 4 felony; Count III, battery, a Level 5 felony; Count IV, strangulation, a Level 6 felony; Count V, arson, a Level 4 felony; and Count VI, intimidation, a Level 5 felony. All these charges involved M.W. and came about as a result of Detective LaMotte's investigation of the time period from August to October 2018. After the State's presentation of the evidence, the State moved to dismiss Counts IV and VI, which the trial court granted. The jury found Johnson not guilty of Counts I, II, and V. The jury found Johnson guilty only of the battery with a deadly weapon charge.

"possible" if he did so, Johnson responded, "probably." *Id.* In the interview, Johnson also did not recall the security stick being damaged.

[6] Johnson's jury trial began on October 7, 2019, and after a jury was empaneled, Johnson made an oral motion in limine. In that motion, Johnson sought to prevent the State from discussing in its opening statement certain portions of Johnson's out-of-court interview with police. Johnson argued the confession may be inadmissible based on principles of corpus delicti if M.W. did not appear to testify. The trial court denied Johnson's motion.

[7] M.W. had moved out of state and did not appear to testify at trial after the State subpoenaed M.W. to testify.[4] All evidence regarding the battery offense was presented through Detective LaMotte's testimony of what M.W. reported to Detective LaMotte during the course of her investigation. Prior to the presentation of any evidence on the battery charge, the parties and trial court discussed the admission of Johnson's prior out-of-court statement, which the State anticipated presenting. Johnson argued that the evidence was inadmissible because the State had "to show in some way that a crime was committed before [Johnson's] confession becomes relevant." Tr. Vol. III p. 71. The trial court took the matter under advisement until the trial court had an opportunity to review the parties' arguments. The trial court did not ultimately

---

[4] In preparation for trial, on September 18, 2019, the trial court certified an interstate subpoena for M.W.

rule on the motion until the State sought admission of the out-of-court statement.

[8] Detective LaMotte testified that she and M.W. discussed three incidents between Johnson and M.W. when they met on October 15, 2018, involving arson, robbery, and a "prior unreported battery." *Id.* at 88. During Detective LaMotte's testimony, the State sought admission of photographs of M.W. that Detective LaMotte took while interviewing M.W. after M.W. reported to Detective LaMotte that Johnson "battered her." *Id.* at 94. Johnson objected to Detective LaMotte's statement as hearsay, which the trial court overruled. The deputy prosecutor then asked Detective LaMotte what was "significant" about the photos, to which Detective LaMotte testified that M.W. was "bruised." *Id.* at 95.

[9] The State then sought to admit the photographs, and Johnson objected to their admission. Johnson argued the photos were not relevant because Detective LaMotte was investigating an arson, and the "bruises that [Detective LaMotte] saw are not relevant to what's been presented so far." *Id.* at 96. The trial court overruled the objection saying: "[t]hat is the other (inaudible) the multiple other complaints regarding battery."[5] *Id.* The trial court, however, gave a limiting instruction to the jury as follows:

---

[5] There was other evidence presented at trial of a physical altercation between M.W. and Johnson. That altercation, however, was related to the allegations that Johnson robbed M.W. in August 2018.

I'm going to give you a limiting instruction at this point regarding some of the evidence that you may have just heard. And sometimes evidence is admitted for a limited purpose. Uh, you may, [ ], read or will have heard possibly statements made by [M.W.] to the police in the course of their investigation. The statements allegedly made by [M.W.] are not being offered for the truth of the matters being asserted in these statements, but only to provide context for the statements being attributed to the Defendant. You shall not consider the alleged statements of [M.W.] as substantive evidence on the issue of whether the State of Indiana has satisfied its burden of proof. However, you may consider the statements made by the Defendant for any purpose you see fit and give the same weight to which you think they are entitled. Without the in-court testimony of [M.W.], you shall not consider such evidence for any other purpose. Specifically, you shall not consider the purported statements of [M.W.] in arriving at your verdict.

*Id.* at 97. The photographs were then admitted and published to the jury as Detective LaMotte described the photographs. Detective LaMotte testified M.W.'s bruises appeared to be in the "healing stages[.]" *Id.* at 100.

[10] The deputy prosecutor then asked Detective LaMotte if, after the conversation with M.W., "an item of evidence [was] collected at the apartment[.]" *Id.* at 101. Detective LaMotte responded affirmatively. The deputy prosecutor directed Detective LaMotte to identify State's Exhibit 24, which Detective LaMotte identified as a "security stick for a sliding glass door" taken from M.W.'s home. *Id.* at 102. The State then sought to admit the security stick. Johnson objected that the security stick was irrelevant, that the prejudicial effect outweighed the probative value, and that there had yet to be any connection

between the security stick and the alleged battery. The trial court overruled the objection, concluding that, in view of the photographs of M.W.'s injuries, it appeared the "type of object" that caused the markings was a "lengthy one." *Id.* at 104. The trial court concluded, therefore, it would let the jury determine whether the security stick caused the injuries.[6] *Id.* at 104. Detective LaMotte provided no testimony to connect the security stick to the marks on M.W.'s body other than the general assertion that one side of the security stick was "damaged." *Id.* at 105.

[11]     Detective LaMotte testified that, a few days after she interviewed M.W., Johnson was arrested on October 23, 2018. Detective LaMotte interviewed Johnson on the day of his arrest about all the events that occurred between August and October 2018. At trial, the State sought to introduce the video recording of Johnson's interview. Johnson objected to the admission of his out-of-court statements regarding the battery, arguing the State failed to establish the corpus delicti on that charge. The trial court overruled Johnson's objection and Johnson's out-of-court interview was played for the jury.

[12]     The jury found Johnson guilty of battery. Johnson was sentenced to three years at the Indiana Department of Correction with 508 days to be served in the

---

[6] The State made a similar argument to the trial court prior to the evidence's admission outside the presence of the jury.

LaPorte County Jail[7] and 587 days suspended to probation. Johnson now appeals his conviction.

## Analysis

### I.    *Admission of Johnson's Out-of-Court Statement*

[13]    Johnson argues that the trial court abused its discretion in admitting: (1) M.W.'s statement that Johnson battered her to Detective LaMotte; (2) photographs of M.W.; (3) the security stick; and (4) Johnson's confession. "The trial court has discretionary power on the admission of evidence, and its decisions are reviewed only for an abuse of that discretion." *Lewis v. State,* 34 N.E.3d 240, 247 (Ind. 2015). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Nicholson v. State,* 963 N.E.2d 1096, 1099 (Ind. 2012). We find it necessary to address only Johnson's argument regarding his confession because our determination of this issue is dispositive.

[14]    Johnson argues the trial court abused its discretion in admitting Johnson's out-of-court confession regarding the battery with the security stick because there was insufficient corpus delicti to establish the crime of battery with a deadly weapon prior to the admission of the confession.

> In Indiana, a person may not be convicted of a crime based solely on a nonjudicial confession of guilt. Rather, independent proof

---

[7] Johnson was given credit for 381 days served and 127 days of good time credit, totaling 508 days served.

of the *corpus delicti* is required before the defendant may be convicted upon a nonjudicial confession. Proof of the *corpus delicti* means proof that the specific crime charged has actually been committed by someone. Thus, admission of a confession requires some independent evidence of commission of the crime charged. The independent evidence need not prove that a crime was committed beyond a reasonable doubt, but merely provide an inference that the crime charged was committed. This inference may be created by circumstantial evidence.

*Shinnock v. State,* 76 N.E.3d 841, 843 (Ind. 2017). Importantly, "[t]he corpus delicti evidence required to have a confession admitted is not the same as the corpus delicti evidence required to sustain a conviction." *Shinnock,* 76 N.E.3d at 843. In establishing sufficient corpus delicti for the purpose of admitting a confession into evidence, our Supreme Court "has required independent evidence of (1) the occurrence of the specific kind of injury . . . , and (2) somebody's criminal act as the cause of the injury." *Cambron v. State,* 322 N.E.2d 712, 715 (Ind. 1975). This evidence may be circumstantial, and "there is no requirement that all of the elements of the crime [must be] proven prior to introduction of the confessions." *Shinnock,* 76 N.E.3d at 844.

[15] During trial, after the parties argued whether the confession was admissible, the trial court here overruled Johnson's objection citing support from *Scott v. State,* 632 N.E.2d 761 (Ind. Ct. App. 1994), and *Groves v. State,* 479 N.E.2d 626 (Ind. Ct. App. 1985). In *Scott,* a panel of this Court found sufficient corpus delicti of the defendant's presence at the scene of the crime to support admission of the defendant's confession. The independent evidence presented at trial to support

admission of the defendant's confession included: (1) the victim's testimony that he was hit by an individual seen with the defendant that night; (2) overwhelming evidence demonstrated the victim's injuries; (3) the victim's report to another individual who assisted the victim following the battery that two men beat him up; (4) physical evidence supported the victim's account of battery; and (5) testimony from the doctor that the victim's injuries were consistent with a battery. *See Scott*, 632 N.E.2d at 766. Similarly, in *Groves,* a panel of this Court found sufficient corpus delicti was presented regarding the operating while intoxicated charge to support admission of the defendant's out-of-court statement because the defendant was found near the vehicle soon after the accident and he was the owner of the vehicle. *See Groves,* 479 N.E.2d at 628.

[16] *Scott* and *Groves,* however, are distinguishable from the facts in the instant case. Here, unlike in *Groves,* there is no evidence that connects Johnson to ownership or use of the security stick. Moreover, unlike in *Scott,* neither M.W. nor any other witness provided substantive evidence connecting M.W.'s bruises to a battery. At the time Johnson's statement was admitted, the only evidence presented regarding the battery was: (1) Detective LaMotte's statement that she was investigating an unreported battery and prepared a police report regarding domestic battery and strangulation as a result of her interview with M.W.; (2) the photographs of M.W. showing bruises; and (3) the security stick.

[17] We conclude, based on the record before us, there was insufficient evidence to support the inference that a crime had been committed with regard to the

battery with a deadly weapon charge before Johnson's out-of-court confession regarding the battery with a deadly weapon was admitted into evidence. The photographs merely demonstrated that M.W. had bruises. The State presented no evidence establishing a connection between the security stick and the alleged crime. M.W.'s statement to Detective LaMotte that Johnson battered her was not admitted as substantive evidence and was subject to the trial court's limiting instruction. *See, e.g. Humphrey v. State,* 680 N.E.2d 836, 838 (Ind. 1997) (discussing that "classic hearsay" is not ordinarily admissible as substantive evidence); *see also Blount v. State,* 22 N.E.3d 559, 566 (Ind. 2014) ("There is a risk the jury will rely upon the out-of-court assertion as substantive evidence of guilt—rather than for the limited purpose of explaining police investigation—and the defendant will have no chance to challenge that evidence through cross-examination.").

[18] Alone, this evidence is insufficient to support the inference that a crime was committed. Even assuming that the photographs, security stick, and M.W.'s statement to Detective LaMotte were properly admitted, the State presented no evidence that Johnson committed battery by means of a deadly weapon against M.W. Accordingly, the State presented insufficient evidence to support the requirement of the corpus delicti before admission of Johnson's confession. The trial court abused its discretion in admitting Johnson's confession regarding the battery with a deadly weapon.

## II.    *Insufficient Evidence*

[19]    Johnson argues that the evidence was insufficient to convict him of battery with a deadly weapon.  When a challenge to the sufficiency of the evidence is raised, "[w]e neither reweigh evidence nor judge witness credibility." *Gibson v. State,* 51 N.E.3d 204, 210 (Ind. 2016) (citing *Bieghler v. State,* 481 N.E.2d 78, 84 (Ind. 1985), *cert. denied*), *cert. denied*.  Instead, "we 'consider only that evidence most favorable to the judgment together with all reasonable inferences drawn therefrom.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*.*  "We will affirm the judgment if it is supported by 'substantial evidence of probative value even if there is some conflict in that evidence.'" *Id.* (quoting *Bieghler,* 481 N.E.2d at 84)*; see also McCallister v. State,* 91 N.E.3d 554, 558 (Ind. 2018) (holding that, even though there was conflicting evidence, it was "beside the point" because that argument "misapprehend[s] our limited role as a reviewing court").  "We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Love v. State,* 73 N.E.3d 693, 696 (Ind. 2017) (citing *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007)).

[20]    Indiana Code Section 35-42-2-1(c)(1) describes battery as "knowingly or intentionally: . . . (1) touch[ing] another person in a rude, insolent, or angry manner; . . ."  The offense is a Level 5 felony, pursuant to Indiana Code Section 35-42-2-1(g)(2) if the "offense is committed with a deadly weapon."  Indiana Code Section 35-31.5-2-86(a)(2) defines "deadly weapon," in part, as:

(2) A destructive device, weapon, device, taser (as defined in IC 35-47-8-3) or electronic stun weapon (as defined in IC 35-47-8-1), equipment, chemical substance, or other material that in the manner it:

    (A) is used;

    (B) could ordinarily be used; or

    (C) is intended to be used;

is readily capable of causing serious bodily injury.

Here, the State alleged that Johnson touched M.W. in a rude, insolent, or angry manner with the security stick, a deadly weapon.

[21] Without M.W.'s testimony and without Johnson's confession, the only evidence remaining regarding the battery charge was M.W.'s statement to Detective LaMotte, the photographs, and the security stick. As discussed above, M.W.'s statement to Detective LaMotte was admitted as non-substantive evidence, and the photographs and security stick do not prove the offense on their own. The evidence presented did not connect the security stick to M.W.'s injuries, and none of the evidence connected Johnson to M.W.'s

injuries.  Accordingly, the evidence was insufficient to convict Johnson of battery with a deadly weapon, and we reverse the conviction.[8]

## Conclusion

[22] The trial court abused its discretion in admitting Johnson's confession and the remaining evidence is insufficient to sustain Johnson's conviction for battery with a deadly weapon.  We reverse and vacate Johnson's conviction.

[23] Reversed and vacated.

Riley, J., and Mathias, J., concur.

---

[8] Because the evidence is insufficient to sustain Johnson's conviction even with admission of M.W.'s statement to Detective LaMotte, the photographs, and the security stick, we need not address the admissibility of that evidence.